**MODER, ESTATE OF, In Re**

**KERN et v HEILKER & HEILKER**

Ohio Appeals, 1st Dist, Hamilton Co

No 5226.  Decided May 24, 1937

Walter K. Sibbald, Cincinnati, for appellants.

Peck, Shaffer & Williams, Cincinnati, for appellee.

## OPINION

By HAMILTON, J.

Appeal on questions of law.

This law suit grows out of an allowance by the Probate Court of attorneys' fees of $4,000.00 to Heilker & Heilker, for services rendered the executors in the estate of Charles Moder, deceased, in a contest of the will.

On appeal to the Court of Common Pleas, the allowance was sustained, and judgment was rendered against the estate. Appeal to this court was taken, specifying three grounds of error:—First, in finding the allowance of $4,000.00 was a proper allowance. Second, error in making any allowance. Third: error in entering judgment against the estate.

A motion is made by appellee to strike the first ground of error, for the reason that there is no bill of exceptions, upon which the factual question can be considered. That motion is overruled, for the reason that the court made a separate finding of facts and conclusions of law, which was incorporated in the judgment entry and may therefore be considered.

The application for the fees in question was made, and the allowance fixed by the court prior to the filing of any account by the executors.

Since attorney's fees are primarily the personal obligation of the executors, the usual practice has been for the executor or administrator to credit an allowance for attorney's fees in an account filed, and ask the approval of the Probate Court. Whereupon, the fees become a charge against the estate. Thereupon, exceptions can be filed to the account and so heard and considered. If this were the only lawful method of procedure, then this case would fail on the question of jurisdiction in the Probate Court to make the allowance, as it did.

However in the case of **Trumpler, Admr. etc. v Royer et, 95 Oh St 194**, the Supreme Court held in the third paragraph of the syllabus as follows:

"The amount of such fees may be included as an item in the settlement-account of the executor or administrator; or an application upon due and legal notice to all parties in interest may be made to the Probate Court to allow the claim and fix the amount thereof."

This disposes of the second ground of error, in favor of the right to make an allowance on application before filing an account.

The claim is urged that Heilker & Heilker, as executors, had an interest in sustaining the will, and, therefore, would not be entitled to receive attorneys' fees for sustaining the will, since, as such executor, he would receive an executor's fee. We do not think an executor has such an interest as would make him an interested party. In any event, but one fee was allowed. The division among the attorneys was not considered by the court.

The amount of the fee allowed by the court is claimed in substance to be excessive. This can only be considered upon the separate finding of facts and conclusions of law of the Common Pleas Court. To reverse the judgment, we would have to find the amount thereof to be unwarranted and unsupported by the court's finding of facts. The trial court in its finding went into considerable detail of the services rendered. In estimating the value of the services rendered by an attorney, a wide latitude is necessarily vested in the court, and a reviewing court will not reverse unless the judgment is manifestly against the evidence. The separate finding of facts does not manifestly show such abuse of discretion as to require a reversal of the judgment.

It is urged that the court erred in entering judgment against the estate. The judgment entry adjudges that the firm of Heilker & Heilker, attorneys, recover from the estate the sum of $4,000.00 with interest. This would apparently give them the right to an execution against the estate, to which they are not entitled. The question for determination was, what was a proper allowance to the attorneys for services in the estate? Upon the allowance by the court, the executor could and should pay the amount and report the same in his account. The allowance, being an unliquidated amount, would not draw interest, and the court erred in awarding interest.

Sec 10501-61, GC, provides:

"Upon the decision of a cause, appealed to the Court of Common Pleas, the clerk shall make out an authenticated transcript of the order, judgment and proceed-

ings of such court therein, and file it with the probate judge, who shall record it, and the proceedings thereafter be the same as if such order, judgment, and proceedings had been had in the Probate Court."

It will be seen from the provisions of this section that the jurisdiction of the Court of Common Pleas is to review the case on the question of the amount of the fees and on the finding of the reviewing court, the clerk, shall make out an authenticated transcript of the order, judgment and proceedings of the Common Pleas Court and file it with the probate judge. Whereupon the probate judge proceeds the same as if it had been his own order.

The judgment of the Court of Common Pleas will therefore be reversed and the judgment entry adjudging the sum of $4,000.00 with interest will be reversed, and the cause remanded to the Court of Common Pleas, with instructions to eliminate from the judgment interest on the amount, and with further instructions to remand the cause to the Probate Court for further proceedings.

ROSS, PJ, and MATTHEWS, J, concur.