**HAGGERTY, Deceased, Estate of, In Re.**

Probate Court, Cuyahoga County.

No. 402480.

464

## OPINION

By KINDER, J.

In this case there is before the Court an application by the co-trustee, Central National Bank of Cleveland, hereinafter called "Bank" for (a) compensation for extraordinary services and (b) compensation for payment of attorney's fees to counsel employed by it. These charges are said to relate to questions arising during the administration of this trust and are said to have arisen out of the performance by the co-trustee bank of services not required in the common course of its duty. The compensation asked by the co-trustee for extraordinary services is in the amount of $1250.00, and the services of its counsel are said to be of the reasonable value of $2500.00. The applications are supported by itemized statements in both instances as required by Rule 26 of the Court.

Objections are lodged to the application by Marion Barber, life beneficiary under the Trust in question and who is represented by Willis T. Barber as counsel. Mr. Barber is also co-trustee with the Bank. The position of the objector, the life beneficiary, is that the application of the co-trustee bank for extraordinary services should be denied because such services were not extraordinary in nature, but fall within those services ordinarily required of a fiduciary in the common course of his duty. Further, while not questioning the right and propriety of the co-trustee bank in the employment of counsel the objector urges that the amount of attorney's fees is unreasonable and excessive.

There is no substantial dispute in the facts. The objector, however, raises questions having to do with the proper application of the rules relating to the compensation of a fiduciary—here a trustee— as established by statute and rule of Court. Further in view of the number of applications of this sort which are being and will continue to be addressed to the

Court and this whether by corporate or individual trustees and in further view of the variety of circumstances existing with respect to such applications not only as they concern extra fiduciary compensation but also the related matter of compensation for counsel for the fiduciary in such circumstances, it has been considered appropriate that the rule applicable thereto be reviewed and in a sense restated.

Insofar as executors and administrators are concerned the rule is contained in the statutes, §§2113.35 and 2113.36 R. C. The first provides in substance that executors and administrators shall be allowed specified "commissions" upon the amount of the personal estate including the income therefrom and upon proceeds of real estate sold under authority contained in the will. These commissions "must be received in full compensation for all their ordinary services". The commission fixed in the statute is 6% of the first $1000.00, 4% of the next $4000.00 and 2% above $5000.00.

The statute fixes as a basis of valuation on property sold the gross proceeds of sale, and for property distributed in kind the valuation fixed by the inventory and appraisement. It will be observed that in view of the use of the word "must" the limit of compensation for ordinary services is mandatory and it follows that the executor or administrator upon his undertaking to act in such fiduciary capacity is of course bound by the statutory regulation insofar as ordinary services are concerned.

Sec. 2113.36 R. C. contemplates further allowance to the executor or administrator for extraordinary services not required (a) "in the common course of his duty" and (b) "actual and necessary expenses including reasonable attorney fees where an attorney has been employed and paid by the fiduciary." To the Court is confided the duty to "fix the amount of such fees" and this upon "the application of the executor or administrator or attorney." There is a further provision made that where a will fixes compensation to an executor the amount therein fixed "shall be in full satisfaction of his services" unless within four months from his appointment the executor in writing "renounces all claim to compensation given by the will." Insofar as concerns other fiduciaries including trustees and guardians it is provided, §2109.23 R. C., that the Court "shall make allowance to fiduciaries for their services and expenses in executing their trust."

In accordance with these statutes and to provide procedural methods for their observance there has been included in the Rules of this Court effective June 1, 1954, Rules 26, 27 and 21.

Rule 26 refers to "Counsel Fees and Fiduciary's Compensation for Extraordinary Services." The substance of this rule provides that where the aggregate amount of compensation paid to a fiduciary's counsel does not exceed the amount payable to the fiduciary for ordinary services no application for allowance of counsel fees is necessary where the amount has been approved in writing either by the fiduciary or by the interested parties. Here the approval of such allowance is to be considered by the Court in the hearing on the account. Here, however, if the amount of compensation exceeds $750.00 an itemized statement for services is required. Where, however, the total amount of compensation to be paid to fiduciary's counsel exceeds the amount of commissions payable to the

fiduciary for ordinary services or where the amount cannot be agreed on or **where the fiduciary acts as his own counsel** an application for allowance of fees is necessary. An itemized statement for such services is required. In matters involving fiduciaries in proceedings other than in the administration of estates counsel fees for services rendered to the fiduciary are to be considered by the Court on application supported by a statement of the extent and nature of the services and the amount claimed.

Turning now to the matter of compensation for extraordinary services rendered by fiduciaries. An application therefore is necessary. This shall include a statement of the nature and extent of the services rendered and the amount claimed. It is to be noted and emphasized that aside from the exceptions stated in Rule 26, the Court may and as a matter of practice does require that the application for fees for compensation be set for hearing and written notice thereof given to all interested parties in the manner provided in §2101.26 R. C., and that the notice contain a statement of the amount applied for.

Rule 27 regulates the matter of "Trustee's Compensation." Here in the absence of a provision in the trust for compensation, testamentary trustees may charge annually for ordinary services (a) an income fee of 5% on the first $10,000.00 of gross income, and 3% on the balance—such fee chargeable to income unless otherwise ordered and (b) a principal fee of $1.50 per thousand on the first $100,000.00 of fair principal value, $1.00 a thousand on the next $150,000.00, and 50c per thousand on the next $750,000.00, and 25c a thousand on the balance. Such principal fee to be chargeable to principal unless otherwise ordered. The trustee on final distribution may also charge a fee equal to one percent of the fair value of the property distributed. The matter of additional compensation for extraordinary services is to be applied for and the matter set for hearing on written notice to all interested parties as provided in §2101.26 R. C. The notice shall contain the amount of the compensation applied for.

Rule 21 is regulatory of "Guardian's Compensation" for ordinary services. This in substance provides that in estates having a fair market value under $50,000.00 there is allowed a guardian's fee of 3% on all moneys received and 3% on moneys disbursed during the accounting period on sums not exceeding $1,000.00; on sums in excess of $1,000.00, 2% on moneys received and moneys paid out are allowed.

In estates having a market value in excess of $50,000.00 there is allowed an income fee of 5% on the first $10,000.00 of gross income, 3% on the balance, such fee being chargeable to income unless otherwise ordered. In addition there is a principal fee of $1.50 on the first $100,000.00 of principal value, $1.00 a thousand on the next $150,000.00, 50c a thousand on the next $750,000.00 and 25c a thousand on the balance. This fee is chargeable to principal unless otherwise ordered. Insofar as compensation for extraordinary services here is concerned there must be an application therefor with written notice of hearing to be given under §2101.26 R. C., such notice to contain a statement of the amount of fees or compensation applied for.

It will be thus observed that by statute and rule a distinction is clearly

drawn so far as concerns the matter of compensation to the fiduciary between ordinary services and extraordinary services and while the controlling standard in each case is not susceptible of exact definition and is dependent upon the circumstances of each case it may be desirable to state or review some of the applicable and established principles involved.

In the first place and so far as counsel fees are concerned executors and administrators are personally liable for the services of counsel employed by them and their contracts therefor do not bind the estate. However, in a proper case the executor or administrator is entitled to receive credit in the settlement of his accounts for such fees if reasonable as constituting a part of expenses of administration. **Thomas, Admrx., v. Moore, 52 Oh St 200; Smith v. Rhodes and Wilt, 68 Oh St 500.** The amount of such fees may be either included in the settlement account to be allowed by the Court or approved upon an application on notice to the interested parties. **Trumpler, Admr., v. Royer, 95 Oh St 194; Kern v. Heilker, 56 Oh Ap 371.** In this Court under its rules above referred to the latter method is required.

We turn now to some of the considerations underlying the question of ordinary and extraordinary services of a fiduciary.

As a preliminary matter it is to be pointed out that the question of extraordinary services and compensation therefor concerns the fiduciary alone and does not concern the matter of counsel fees. This is emphasized because in many cases application for **counsel or attorney's fees** either bear the legend "fees for extraordinary services" or "application for extraordinary fees." There is no warrant in the statute or rules of law for this sort of characterization or legend. Counsel in proper cases are entitled to reasonable compensation for services performed and this whether or not fiduciary services are ordinary or extraordinary in nature. Such counsel fees when approved or allowed become under the authorities, supra, a part of the expenses of the administration of the estate or trust.

What then are the "ordinary services" of a fiduciary, i. e., those required in the common course of his duty as distinguished from extraordinary services?

It seems to the Court that at the threshold of such an inquiry lies the question of the nature of the work which confronts the fiduciary when he undertakes the office, whether it be as executor or trustee under a will, an administrator under the law, or a guardian of the person and estate of a ward. Such undertaking by the fiduciary is voluntary as a matter of law and he may decline to act.

In the case, for example, of an executor or testamentary trustee the will and its terms afford to a great extent the measure of his obligation and consequent responsibility. In the case of an administrator or guardian the fiduciary's duties and responsibilities are for the most part defined by law. Where the fiduciary proceeds to the administration of an estate either under a will or under the law he undertakes certain well defined duties having to do among other things with his qualification as fiduciary; investigation in such capacity as to the identity of the beneficiaries; the nature and extent of the assets; the arrangements for appraisals leading to the preparation and filing of the inventory and appraisement; the determination and payment of inheritance and other taxes; the filing of

schedule of debts; and the determination and allowance of claims against the estate. Further and at an appropriate time he must attend to the matters of transfers of real estate, sale of personal property or its distribution in kind. He is of course required in connection with the administration of the estate to set up and maintain accounts showing the receipt of moneys and assets and payment of bills, expenses and distributions. From the very nature of things his duties include the matter of numerous conferences with parties interested in the estate either as creditors or beneficiaries. He is further required to file in Court from time to time an accounting of his administration.

The foregoing does not comprise a complete list of fiduciary's duties but will serve to indicate what a fiduciary acting as executor or administrator usually encounters in the common course of his duties. It is of course the right of the executor or administrator to employ counsel to assist him in the performance of these ordinary services and the compensation of such counsel, if found to be reasonable, is a legitimate part of the expense of administration. This, however, does not appear to, under all circumstances, justify the employment of counsel to perform the services or duties imposed upon the fiduciary or justify the duplication of services by the fiduciary and counsel. At the same time the carrying out of the obligations of a fiduciary may entail the practice of law which if the fiduciary is not a lawyer necessarily contemplates the employment of counsel. The question here is sometimes complicated by the fact that the individual fiduciary, being a lawyer, acts as his own counsel, a situation which will hereafter be considered.

In any event the foregoing will serve as a general outline of what seems to the Court to be ordinary services by a fiduciary acting as executor or administrator. (See Opinion of Rockel, J., In the Matter of Exceptions, 4 O. N. P. 336, 338.) It is to be remarked that for such services the statute §2113.25 R. C. provides that the percentages fixed "**must** be received in full compensation."

Extraordinary services on the other hand is a matter which lies out of and beyond the limit of the above outline. Such services would seem to include various forms of litigation if necessary, such as the filing of an action to construe a will, or services in the defense of a will; action for declaratory judgment; prosecution or defense of litigation necessary to protect the estate; actions to sell real estate. These matters involve in the Court's opinion, extraordinary service and such situations usually require the employment by the fiduciary of counsel and the fiduciary is entitled to be reimbursed for the reasonable value of such services by attorneys. Under the statute §2113.36 R. C. allowance for these extraordinary services by the fiduciary is to be on the basis of what is just and reasonable.

It has been stated that the Court "will consider the amount and difficulty of the services rendered * * * the risks run by the trustee and the responsibilities imposed upon him and his skill and success in administering the trust." 2 Scott on Trusts, Page 1385. The word "reasonable" has been defined as follows:

"In this connection 'reasonable' means what is fair in view of the size of the estate, the responsibilities involved, the character of the work

required, the special problems and difficulties met in doing the work, the results achieved, the knowledge, skill and judgment required of and used by the executors, the manner and promptitude in which the estate has been settled and the time and service required, and any other circumstances which may appear in the case and are relevant and material to this determination." Hayward v Plant, 98 Conn. 374, 384;

Again we quote from Rockel, J., in "In the Matter of Exceptions," supra, as follows:

"The law means to deal justly between the administrator or executor and heir, and equity to all should alone control the court in its decision. Light and frivolous charges for services of questionable value should receive no consideration by the court. * * * The rules of equity should be applied, that he who would have equity must do equity, and that he must come into court with clean hands. The law does not intend that the settlement of an estate shall be a sinecure to the administrator. In all cases it will devolve upon the administrator to prove the justness of his claims, and that the expenses or services were rendered in the performance of some act required 'in the common course of his duty.' "

In view of the rule that the burden is upon the fiduciary to establish his right to compensation whether for ordinary or extraordinary services it would seem necessary and certainly desirable that the fiduciary keep and maintain during the administration of his trust, a detailed account of the services rendered including the time spent by him. Such records should be. allocated as between ordinary and extraordinary services if any Such records and allocation would not only inure to the benefit of the fiduciary and the estate, but would be of substantial assistance to the Court in matters of this sort. In fact inquiry into such records has been upheld as material and relevant in a determination of the question of the reasonable value of services of attorneys, **In re Estate of Morrison, 159 Oh St 285.** Lack of such records clearly goes to the weight to be given to the evidence tendered upon the question of the reasonable value thereof.

It seems clear that the foregoing considerations apply to fiduciaries acting as executors, administrators, trustees and guardians, and that in each case a record of services performed and time spent by such fiduciaries in the performance of their duties be kept and maintained, and in an appropriate case such services and time spent should be allocated between ordinary and extraordinary services. if the latter are involved.

One other matter remains to be considered and that is the problem involved where the fiduciary acts as his own counsel. The Court does not see but that in such a situation the fiduciary in addition to being entitled to compensation for services as such, would also be entitled to compensation for his legal services. King, Ex. v. Alt, 11 O. N. P (N. S.) 433, 436. Here however, it seems doubly important that an accurate record be kept by the fiduciary for (a) the time and services rendered by him as fiduciary and (b) the time and services rendered by him as counsel.

As above indicated, the facts in the instant case are not in material dispute. An examination of the Court files confirms the fact that for some time differences arose and have existed between the life beneficiary and her husband, a co-trustee, on the one hand, and the Bank, as co-trustee, on the other. These differences concerned (a), the matter of

advances to the life beneficiary from principal of the estate, the co-trustees, Willis T. Barber and the Bank being authorized under Item 3 of the will to "use principal, if they deemed it advisable, for the support, maintenance and comfort of my said daughter, or the support, maintenance and education of her children" and (b), matters relating to the kind and type of securities into which the trust estate was to be invested, a matter as to which the trustees possessed wide power and discretion under Item 5 of testator's will. Without going into the detail of these differences, the scope of which is indicated by correspondence, Bank Ex. A to E, inclusive, the matter finally culminated in the filing, on September 24, 1954, of a petition for a declaratory judgment. This action was filed by Willis T Barber and his wife, Marion H. Barber, against the Bank and the minor children of Mr. and Mrs. Barber. In this petition the Bank, as co-trustee, was charged with refusal and neglect to consider the investment counsel of its co-trustee, Mr. Barber; that it had in violation of the trust instrument embarked on an investment program resulting in a reduction of income to the life beneficiary; that hostility had arisen between Mr. and Mrs. Barber on the one hand and the Bank on the other and that controversy had arisen as to the intent and purpose of the testator as expressed in the trust provisions of the will. Finally it was claimed that in the circumstances, the administration of the trust estate would be jeopardized in the absence of instructions of the Court. In the petition a declaration was asked generally regulatory of the Bank, as co-trustee, in respect of the advancements of principal and character of investments of the trust estate.

In its answer the Bank in substance not only denied any non-performance or misperformance of its obligations, but justified its conduct of the Trust, not only with respect to the investment program advanced by and insisted upon by it but also with regard to its position in respect of the advancements to the life beneficiary. Here it is alleged and upon the hearing no denial thereof is made that between October, 1948 and September, 1954, there was advanced to the life beneficiary from principal the sum of $25,839.28. Further, it is alleged that at the time of the creation of the Trust the income therefrom was practically $12,000.00 per year and that presently, after the withdrawal of principal in the above amount, the income is approximately $8,700.00 per year. Parenthetically it is to be noted that the present value of the Trust assets approximates $225,000.00, as against an original value of approximately $185,000.00.

The Bank's answer likewise joined in the prayer of the petition that the Court declare the meaning of the Trust provisions so far as they related to the differences then existing between the parties.

Summarized the action as reflected in the allegations of the petition and the answer did not reflect a friendly resort to the Court for a construction of the will and consequent instructions, but on the contrary involved charges serious in nature and adversary in character.

The case was, according to the records, partly heard by Judge Pollock of Painesville Ohio, sitting here by designation, but such hearing ended in a withdrawal of the action. In this connection it was stated at the Bar that in the course of the hearing, some sort of an adjustment had

472

been reached by the interested parties. This is the subject of comment contained in Bank's Ex. F.

It is in respect of these differences that the co-trustee asks compensation, it being claimed that such services were extraordinary in nature and not rendered in the common course of its duty as co-trustee. Likewise, it is to these differences and the subsequent litigation that counsel fees are asked.

The Court has examined the itemized statements of the Bank, filed in support of its claim for extraordinary services and likewise examined the itemized statement of services of counsel. Evidence ' was offered that amounts claimed by the co-trustee and the amount of counsel fees were reasonable, having in mind the size of the estate, the questions faced and the solution finally reached. No evidence to the contrary was offered by way of opinion or otherwise. Representatives of the Bank and their counsel were, however, cross-examined with respect to these itemized statements of time and services.

Under all the facts and circumstances the Court concludes services of the Bank were extraordinary in character, that is to say outside of its common course of duty, and that it is entitled to compensation therefor. Upon the record the Court is unable to say that the amount applied for, i. e., $1250.00 is unreasonable. The Court feels that in the circumstances the Bank had a clear right to employ counsel with respect to the problem created by the differences between the parties and to represent it in the action brought by Mr. and Mrs. Barber. The Court further finds that the amount applied for in respect of counsel fees is reasonable and, therefore, a proper charge.

An order may be drawn accordingly, with exceptions to the objectors.

While Judge Merrick did not participate in the consideration or decision of the instant case, I am authorized to state that he concurs in the views herein expressed in respect of the duties and compensation of fiduciaries and counsel under the standards provided in the statutes referred to and the rules of this Court.