(No. 5266—Decided April 25, 1960.)

*Mr. Frank C. Rooney*, for appellant.

DEEDS, J. This is an appeal on questions of law from a judgment of the Probate Court, Lucas County.

The issue presented by the appeal is the order of the Probate Court disallowing appellant, Frank C. Rooney, executor,

*Motion to certify the record overruled (36704), December 14, 1960.

the sum of $4,762.02 for services rendered in a contest of the will of James L. Teopas, deceased, in the administration of which decedent's estate appellant was acting as executor and also as attorney.

The widow of the decedent, Evdoxia Teopas, is the sole beneficiary under decedent's will.

The appellant contends that he is legally entitled to payment of the sum which the Probate Court has disallowed for services rendered in defending the will, by virtue of an agreement or assignment by the sole beneficiary, under the will of the decedent.

In support of this contention, appellant relies upon the approval by the sole beneficiary of appellant's account as executor, which account included the payment of the sum of $4,762.02 for services rendered by appellant in the will-contest proceedings.

The approval of the sole beneficiary is as follows:

"I approve both the first and distributive account and this final and distributive account and I authorize the court to approve both accounts.

"Evdoxia Teopas."

The determination and order of the Probate Court in reference to the payment of the sum of $4,762.02 to appellant, pertinent here, is as follows:

"It further appearing to the court that said Frank C. Rooney, as administrator with the will annexed, has filed with the court his second and final account, and as an item of expenditure therein shows 'Frank C. Rooney, will contest $4,762.02,' and it further appearing to the court that Carl J. Marlow, as special master commissioner, under appointment of this court, also shows under date of '7-12-58 Frank C. Rooney fees for will contest $4762.02,' and

"It appears to the court that this does not conform to the provisions of Section 2741.04 of the Revised Code of Ohio, or any order of this court, and that it should be disallowed as an item of expenditure in said accounts.

"It is therefore hereby ordered, adjudged and decreed that the expenditure of $4762.02, as shown in said account, be and hereby is disallowed, and it is further ordered that said $4762.02 be returned to said estate forthwith and that said special master

commissioner heretofore appointed, collect and administer said amount as follows:

"1. Pay the balance of court costs in the sum of $16.70.

"2. Pay to said Carl J. Marlow the sum of $400.00 as and for his services as such special master commissioner.

"3. Distribute the balance amounting to $4345.32 as may be provided by the will of said James L. Teopas, deceased, or as the law may provide."

Section 2741.04, Revised Code, provides in part as follows:

"* * * When the jury finds that the writing produced is not the last will and testament or codicil of the testator, the trial court shall allow as part of the costs of administration such amounts to the fiduciary and to the attorneys defending such purported last will or purported codicil, as in the opinion of the trial court are reasonable compensation for the services rendered in such contest. The court shall order such amounts to be paid out of the estate of the decedent, whose purported last will or purported codicil was contested. * * *"

It is the opinion of this court that the Probate Court erred in its determination that the payment of such sum as and for services rendered in the will contest did not "conform to the provisions of Section 2741.04."

The probate judge seems to have been under the mistaken impression that since Section 2741.04 does not authorize payments for services rendered in the successful defense of a will, it is to be inferred that attorney fees for such services should not be allowed as a part of the expense in the administration of a decedent's estate.

We are also of the opinion that the Probate Court gave no consideration to the question of an agreement between appellant, as attorney, and the sole beneficiary, as to the amount of fees which were to be paid for services to be rendered in defense of the will.

Whether such a contract existed and what the terms of such a contract were we do not undertake to determine, for reasons to be stated later in this opinion.

We do consider it to be settled in this state that compensation may be allowed for services rendered in the successful defense of a will. *In re Estate of Haggerty,* 70 Ohio Law Abs., 463; *In re Estate of Dickey,* 87 Ohio App., 255; *Kern* v. *Heilker*

& *Heilker,* 56 Ohio App., 371; *Thomas, Admx.,* v. *Moore,* 52 Ohio St., 200; *Smith* v. *Rhodes & Wilt,* 68 Ohio St., 500; *Trumpler, Admr.,* v. *Royer,* 95 Ohio St., 194. Also, see, 22 Ohio Jurisprudence (2d), 630, Section 269.

It is also our opinion that Section 2741.04, Revised Code, would not prevent or preclude a contract between an attorney and a beneficiary under a will providing for the amount which is to be paid for such services.

Ordinarily such a contract is enforcible and same could not be ignored or invalidated, unless upon just grounds as would be required in the cancellation of any and all contracts entered into in accordance with established principles of law. *Bolton* v. *Marshall,* 153 Ohio St., 250; *Scheinesohn* v. *Lemonek,* 84 Ohio St., 424, Ann. Cas. 1912C, 737; *Roberts* v. *Montgomery,* 115 Ohio St., 502; *Cohen* v. *Goldberger,* 109 Ohio St., 22; *Schwarz Estate,* 14 Pa. Dist. & Co. (2d), 773. Also, see, 7 Corpus Juris Secundum, Attorney and Client, 1045 *et seq.,* Sections 179, 180, 181, 183.

We do determine, therefore, that the Probate Court would not be precluded from allowing appellant compensation for services rendered in the defense of decedent's will, notwithstanding Section 2741.04, Revised Code, does not provide for such allowance.

As stated above, we do not determine whether an enforcible contract existed between appellant, as attorney, and the sole beneficiary under decedent's will.

We do not have a bill of exceptions which purports to contain all the evidence which may have been offered and received at the hearing of the account which was filed by the special master commissioner. We take note of the statement contained in the entry of the Probate Court concerning notice, as follows:

"On the 22nd day of October, 1959, the second and final account of Frank C. Rooney, administrator with will annexed of the estate of James L. Teopas, deceased, as prepared by Carl J. Marlow, special master commissioner, appointed by the court on April 1, 1959, for this purpose, and upon the evidence came on to be heard; and it appearing to the court that notice of the hearing on said account was duly published in the Toledo Legal News according to law, * * * ."

Appellant does not contend that he did not have notice of the time when the hearing upon the account was to be held.

The record before us does not disclose that appellant made an appearance at such hearing or that he made any effort to establish a contract between himself as attorney and the sole beneficiary of the decedent's will.

If a contract existed, it is our opinion that the Probate Court should have been informed with respect to the terms and conditions of the contract. See *In re Estate of Haggerty, supra* (70 Ohio Law Abs., 463).

It is contended by appellant that the Court of Common Pleas approved the payment of fees for services rendered in the defense of the will. We do not have any record before us which discloses the allowance of fees by the Court of Common Pleas. We do not make a determination with respect to any order which may have been made by the Court of Common Pleas.

Since the appellant included the payment of fees for services rendered in the defense of the will as a part of the account filed in the administration of the decedent's estate, it is our view that appellant was required to disclose the terms of any contract which he may have had, for consideration by the Probate Court.

If the appellant was relying upon the reasonable value of the services which he had rendered it would be incumbent upon him to show by an account or otherwise the character and value of the services rendered.

In our view, these requirements are in accord with the pronouncements of the court in the *Haggerty case, supra.*

For the reasons stated the judgment of the Probate Court will be, and hereby is, affirmed.

*Judgment affirmed and cause remanded.*

Fess and Smith, JJ., concur.