**JAMES A. KELLER, INC., Appellee,**

**v.**

**FLAHERTY, Director, Department of Administrative Services, Appellant.**

[Cite as *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1455.

Decided July 18, 1991.

*Bricker & Eckler, Richard Rogovin* and *Tracey Bryson,* for appellee.
*Lee Fisher,* Attorney General, and *Jerry K. Kasai,* for appellant.

GERKEN, Judge.

Plaintiff-appellee, James A. Keller, Inc., instituted this action against defendant-appellant, William J. Flaherty, Director of the Ohio Department of Administrative Services, requesting that appellant be enjoined from executing a contract with Ohio Ceiling and Partition Company (a defendant below but not a party to this appeal) for renovations and additions to the University of Toledo Glass Bowl Stadium, on the basis that Ohio Ceiling had been afforded a competitive advantage in the bidding process.

In the spring of 1989, the Department of Administrative Services, Division of Public Works, initiated a project to renovate the football stadium at the University of Toledo. It was appellant's goal to have the project completed in time for the 1990 football season and, therefore, appellant designated it as a "fast track" program. "Fast track" merely meant that the work was being designed in packages simultaneously as it was being let for bidding.

The present controversy surrounds bid package number three, which was subdivided into twenty-seven separate bid items. Each bid item consisted of a base bid and some items requested alternative bids to be submitted for extra work which may later have been requested if funds were available. Bid item eleven was for an exterior wall of the project and the bid specifications requested that an alternative, more expensive bid also be submitted. Ohio Ceiling submitted a base bid but no alternative and appellee submitted a base bid plus four alternatives.

Ohio Ceiling was the apparent low bidder on the base bid but, because it failed to bid the alternatives, its bid was rejected as nonconforming. Ohio Ceiling formally protested the provisional rejection and ultimately appellant reversed its decision, finding that, since the alternative was not purchased, Ohio Ceiling's failure did not affect the amount of the bid or give Ohio Ceiling a competitive advantage.

A similar situation arose regarding bid item number twelve for studs, drywall, and a shaftwall. Ohio Ceiling, the apparent low base bidder, bid no alternatives and appellee submitted a base bid plus two alternatives. Appellant maintained that no alternatives were requested and awarded the contract to Ohio Ceiling.

In response, appellee filed suit against appellant and Ohio Ceiling. Initially, the trial court issued a temporary restraining order prohibiting appellant from executing the contract with Ohio Ceiling. After a trial on the complaint, the trial court entered final judgment for appellee, finding that appellant had afforded Ohio Ceiling a competitive advantage in the bidding process. The trial court permanently enjoined appellant from entering into a contract with

Ohio Ceiling based on the bids before the court at that time, but did not order appellant to accept appellee's bid.

As a result, appellant rebid items eleven and twelve and awarded the contract to appellee as the low bidder. Appellee commenced work on the project and presumably, at this time, the work is either partially or totally finished.

Prior to addressing the merits of appellant's appeal, we are first presented with the question of whether this action has become moot by the award of the contract to appellee.

■ The doctrine of mootness is rooted both in the "case" or "controversy" language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint. See 1 Rotunda, Novak & Young, Treatise on Constitutional Law: Substance and Procedure (1986) 97, Section 2.13. While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question. It is not the duty of a court to decide purely academic or abstract questions. *Miner v. Witt* (1910), 82 Ohio St. 237, 92 N.E. 21. As stated by the United States Supreme Court:

" * * * [I]f, pending an appeal, something occurs without any fault of the defendant which renders it impossible, if our decision should be in favor of the plaintiff, to grant him effectual relief, the appeal will be dismissed. * * *" *S. Pacific Terminal Co. v. Interstate Commerce Comm.* (1910), 219 U.S. 498, 514, 31 S.Ct. 279, 283, 55 L.Ed. 310, 315.

■ After the trial court entered final judgment voiding the initial bids on items eleven and twelve, and while the appeal to this court was pending, the contract was awarded to appellee. Therefore, there is no relief that this court could afford. Everything that appellee, plaintiff below, was seeking has already effectively been granted. Any decision that this court might render has been deemed academic and ineffectual by the subsequent rebid of items eleven and twelve. As such, this case has been rendered technically moot.

Appellant argues that the issues presented by this action fall within two recognized exceptions to the doctrine of mootness. Appellant contends that the issues are capable of repetition but will continually evade review and that they are of such great public import that this court should decide the issues even though the case is technically moot.

■ We are unpersuaded that this case is of such great public importance that we should disregard our lack of jurisdiction. It is true that public contracts involve large sums of money and, at least incidentally, affect the public. However, we do not believe that this condition alone is sufficient to

overcome the fact that this case is moot. In *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 30 OBR 33, 505 N.E.2d 966, the Supreme Court found that a case which presented a debatable constitutional question that was not necessarily moot as to all litigants amounted to a matter of great public interest. We have no constitutional question before us now. *Roe v. Wade* (1973), 410 U.S. 113, 117, 93 S.Ct. 705, 709, 35 L.Ed.2d 147, 157, is an example of what the United States Supreme Court has termed a matter of great public interest. The legality of abortion and the corresponding right of privacy are matters which have substantial impact on our entire society. A statutory public contract cannot be placed on this same level.

■ Finally, the examples cited above, as well as the cases relied upon by the parties, involve constitutional questions in the highest courts of the state or nation. In Ohio, our Supreme Court is the primary judicial policymaker. As an intermediate appellate court, we should use caution in determining what the public policy of this state should be. Only when the issue is squarely before us should we address it. *Angerman v. State Med. Bd. of Ohio* (Feb. 27, 1990), Franklin App. No. 89AP–896, unreported, 1990 WL 17295. This action does not present that situation.

■ Appellant also argues that this case is capable of repetition and will always evade review. While that situation is a recognized exception to the mootness doctrine, it is not applicable to this case. This action was mooted, not in itself, but primarily because of appellant's actions or inactions. It was appellant who determined that this project should be on a fast track and who determined that the project should be rebid before the case was litigated to finality. There is no indication in the record that appellant sought a stay of the trial court's judgment. Therefore, the time constraints associated with this action were self-imposed and not the result of a biological fact as in *Roe, supra*, or a student's graduation as represented by *In re Appeal of Suspension of Huffer from Circleville High School* (1989), 47 Ohio St.3d 12, 546 N.E.2d 1308.

Furthermore, there must be more than a theoretical possibility that the action will arise again. There must exist a " 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt* (1982), 455 U.S. 478, 482, 102 S.Ct. 1181, 1184, 71 L.Ed.2d 353, 357, citing *Weinstein v. Bradford* (1975), 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350. A probability of repetition has not been sufficiently demonstrated to this court.

Therefore, since this case is moot, we lack jurisdiction to decide the issues. The case is dismissed.

*Case dismissed.*

McCORMAC and JOHN C. YOUNG, JJ., concur.

THOMAS H. GERKEN, J., of the Hocking County Common Pleas Court, sitting by assignment.