Defendant-appellant Angela Saffold ("appellant") appeals from the denial of her Civ.R. 60(2) motion for relief from judgment. Appellant assigns the following error for review:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT AND IN FAILING TO CONDUCT A HEARING SINCE THE COURT'S DOCKET CLEARLY DEMONSTRATED A FAILURE OF SERVICE AND THE OVERALL CIRCUMSTANCES INDICATE DELIBERATE MISREPRESENTATION BY COUNSEL FOR APPELLEE.
Finding the appeal to be moot, the case is dismissed.
 I.
On September 3, 1996, Rodger Saffold filed a petition for domestic violence in which he alleged appellant had physically harmed him in their marital home two days earlier. The trial court issued a temporary protective order in which appellant was ordered to refrain from annoying, harassing, threatening, abusing, or committing acts of domestic violence against Saffold or their two minor children. Appellant was further ordered to vacate the marital residence.
On September 25, 1996, the matter came before the trial court for hearing. Appellant did not appear. After determining that appellant had been properly served, the trial court proceeded with an ex parte hearing. The trial court granted Saffold's petition for domestic violence. The trial court's judgment entry stated that the protection order issued on September 3, 1996, would remain in full force and effect until further order of the trial court or for a period of one year from the date of hearing.
On October 2, 1996, appellant filed a motion to dismiss the petition for domestic violence in which she argued that she was never served with the petition. The trial court overruled the motion on April 15, 1997.
On June 24, 1997, appellant filed a Civ.R. 60(B) motion for relief from judgment in which she again raised the issue of service. The trial court denied the motion and appellant has appealed from this order.
 II.
The protection order issued by the trial court as a result of Saffold's petition for domestic violence was to remain in effect for one year following the date of the hearing or until September 25, 1997. As that date has passed, the protection order no longer is in effect. There is no indication in the record that the protection order was extended.
Generally, courts exercise jurisdictional restraint in cases that are not actual controversies. Fortner v. Thomas(1970),22 Ohio St.2d 13, 14. Actions become moot when resolution of the issues presented is purely academic and will have no practical effect on the legal relations between the parties. Johnson v.Bureau of Motor Vehicles(Dec. 19, 1991), Cuyahoga App. No. 59375, unreported. An appellate court is not required to render an advisory opinion on a moot question or abstract proposition or to rule on a question of law that cannot affect matters in issue in a case. Miner v. Witt(1910), 82 Ohio St. 237, 238. An appeal will be dismissed when, without the fault of any party, circumstances preclude the reviewing court from granting effective relief. James V. Keller, Inc. v. Flaherty(1991).74 Ohio App.3d 788, 791. As the protective order issued as a result of the petition for domestic violence has expired, appellant's appeal is moot.
Appeal dismissed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, ADM. J. and MICHAEL J. CORRIGAN, J. CONCUR.
 ___________________________________ LEO M. SPELLACY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E)unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1)