OPINION
Plaintiff-appellant Mid-States Novelty, Inc. appeals the judgment of the Paulding County Common Pleas affirming the Ohio Department of Commerce's decision to deny plaintiff a wholesale fireworks license. Defendant is the Building Chief of the Ohio Department of Commerce Bureau of Construction Compliance, and plaintiff is the owner of a fireworks store located in Cecil, Ohio that has been in operation since the mid-1960s.
In July of 1996, nine people died in a fire at a fireworks store in Scottown, Ohio. The following year, and apparently in response to the Scottown fire, the legislature made substantial changes to Chapter 3742 of the Ohio Revised Code, which codifies Ohio law on the regulation of fireworks. As part of these changes, the legislature enacted R.C. 3743.25, which reads in pertinent part:
 (A)(4)(a) Except as provided in division (A)(4)(b) of this section, a fireworks showroom structure that exists on the effective date of this section shall be retrofitted on or before June 1, 1998 with interlinked fire detection, smoke exhaust, and smoke evacuation systems that are approved by the superintendent of the division of industrial compliance.
 (4)(b) If meeting the retrofitting requirements set forth in division (A)(4)(a) of this section would constitute an extreme financial hardship that would force a licensee to terminate business operations, the licensee shall conduct sales only on the basis of de-fused representative samples in closed and covered displays within the fireworks showroom.
 (5) A fireworks showroom structure that exists on the effective date of this section shall be in compliance on or before June 1, 1998, with floor plans showing occupancy load limits and internal circulation and egress patterns that are approved by the fire marshal and superintendent of industrial compliance, and that are submitted under seal as required by section 3791.04 of the Revised Code.
 (B) The safety requirements established in division (A) of this section are not subject to any variance, waiver, or exclusion pursuant to this chapter or any applicable building code.
 R.C. 3743.25 (eff. June 30, 1997). In accordance with the newly-enacted requirements of R.C. 3743.25, plaintiff submitted plans relating to the proposed installation of fire and smoke safety equipment to the Bureau of Construction Compliance, Division of Industrial Compliance of the Ohio Department of Commerce. These plans were rejected for noncompliance with the applicable provisions of the Ohio Basic Building Code. Plaintiff submitted revised plans in an attempt to comply with the Building Code, but these were also rejected. Plaintiff responded by going forward and installing fire safety equipment as described in the rejected plans, and on August 3, 1998, plaintiff filed an appeal with the Board of Building Appeals. Plaintiff's appeal requested a variance from the requirements of R.C. 3743.25 and the Building Code, and also argued that R.C. 3743.25 was an unconstitutional retroactive law.
On April 19, 1999, the Board of Building Appeals issued a decision rejecting plaintiff's arguments. The Board concluded that plaintiff's installed safety equipment failed to meet the requirements of R.C. 3743.25 and the Building Code and that R.C.3743.25 prohibited the Board from granting a variance from those requirements. The Board's decision also noted that plaintiff had made "a compelling argument" that R.C. 3743.25 was unconstitutionally retroactive, but concluded that it had "no legal authority to rule on the constitutionality" of the statute.
On April 26, 1999, plaintiff appealed the Board's decision to the Paulding County Common Pleas Court. However, On August 16, 1999, defendant filed a motion to dismiss the appeal, arguing that it was moot. Defendant's memorandum in support of the motion noted that plaintiff had filed a second set of revised plans for the Cecil store with the Bureau of Construction Compliance on June 30, 1999, and that the new plans were approved by defendant on that same day. The court delayed its consideration of defendant's motion and set the case for hearing.
Both parties waived an oral hearing and filed briefs expressing their positions on the merits of the case. Additionally, plaintiff filed a motion to supplement the record with a transcript of testimony that had been presented in an similar but unrelated case. However, on December 14, 1999, the trial court overruled both the defendant's motion to dismiss and plaintiff's motion to supplement the record, and proceeded to enter judgment for the defendant:
 The Court having considered the record of the proceedings * * * finds that a preponderance of the evidence supports the reasonableness and lawfulness of the order of the Board of Building Appeals and further finds that the provisions of Section 3743.25 of the Ohio Revised Code are applicable to [plaintiff's] building and that said statute is not unconstitutional.
 Plaintiff now appeals and asserts two errors with the trial court's judgment.
 The trial court erred in not allowing the Appellant to supplement the record of Paulding County Common Pleas Court case CI99-082 with a transcript of the August 25, 1999 hearing in Paulding County Common Pleas Court cases CI99-159 and 160 in violation of Ohio Revised Code 3781.031.
 The trial court erred in not finding that Ohio Revised Code 3743.25 to be unconstitutional [sic] as violating the prohibition against retroactive laws as guaranteed by the Ohio Constitution.
 Prior to addressing plaintiff's assigned errors, however, we must first determine whether there is a live controversy for this Court to decide. Defendant has argued both in the lower court and in his brief that this case is moot because plaintiff's revised fire safety plans were approved and plaintiff has obtained a certificate of occupancy for the Celina fireworks store. Defendant argues that this change of circumstances has rendered the current case "purely academic [and] abstract." James A. Keller, Inc. v. Flaherty (1991), 74 Ohio App.3d 788, 791, citing Miner v. Witt (1910), 82 Ohio St. 237, 238.
We agree. The plaintiff's decision to submit a second set of revised plans and the subsequent approval of those plans operates to render this case moot, since there is no relief that this Court can afford. See, e.g., Keller, 74 Ohio App.3d at 791. Although plaintiff argues that it remains entitled to relief under R.C.2721.03, the Ohio Declaratory Judgments Act, the plaintiff has never before requested declaratory relief and made no attempt to amend its complaint to add a declaratory claim in the trial court. As such, plaintiff has essentially requested that this Court "amend" the complaint on appeal to add the declaratory claim. We do not believe that there is any precedent for such a procedure. Nor do we believe that this case falls within any other exception to the doctrine of mootness. Cf id. at 791-93. We therefore conclude that plaintiff's actions have rendered the instant case moot, and the trial court should have granted defendant's motion to dismiss based on the mootness of the case. Accordingly, plaintiff's two assigned errors are themselves moot, and are overruled pursuant to App.R. 12(1)(c). This case is reversed and remanded to the trial court with instructions to enter judgment in favor of the defendant on the motion to dismiss.
Judgment reversed and Cause remanded.
 ______________________________ SHAW, PRESIDING JUDGE
 HADLEY, P.J., and BRYANT, J., concur.