The majority's opinion in the case sub judice is wholly incompatible with its decision in Moody I.[3]
As it stands, the opinions cancel each other out: (1) Moody I rendersMoody II erroneous because, by reversing the lower court in Moody I, all action taken subsequent to the dispositional order we reversed would be rendered void, or at least put on hold pending the decision of the trial court; and (2) Moody II renders Moody I moot since it is of no consequence what the lower court finds in its remanded hearing on the disposition of the child because this appellate court has affirmed asubsequent dispositional order. See, generally, James A. Keller, Inc. v.Flaherty (1991), 74 Ohio App.3d 788, 600 N.E.2d 736; accord South PacificTerminal Co. v. Interstate Commerce Comm. (1910), 219 U.S. 498,31 S.Ct. 279.
The majority simply fails to address this apparent quagmire.
As I would have affirmed the trial court in Moody I, for the reasons fully set out in my separate opinion in that case, I concur only in the judgment of the majority's opinion in the case sub judice.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
 ______________________ Roger L. Kline, Judge.
Abele, P.J. Concur in Judgment Only.
Evans, J. Concur in Judgment Only with Attached Concurring Opinion.
[3] For purposes of convenience and clarity, I refer to the consolidated appeal of Athens App. Nos. 00CA5 and 00CA6 as Moody I, and the appeal sub judice, the consolidated appeal of Athens App. Nos. 01CA11 and 01CA14, as Moody II.