OPINION
Appellants, Victor and Brian Bates, appeal from certain rulings of the Ashtabula County Court of Common Pleas, Juvenile Division, regarding the court's actions in a custody dispute.
On July 18, 2000, the parties appeared before the juvenile court after the issue of the transfer of custody of appellants from their father, Victor Bates, to their mother, Cynthia Bates, was certified from the domestic relations court. The domestic relations court had awarded custody of Victor, born July 26, 1983, and Brian, born October 20, 1987, to their mother. The court stated it was not holding a hearing on the matter that day and no evidence or testimony would be presented. The juvenile court stated the children would be immediately transferred to the custody of their mother. The father would have no visitation privileges until further order from the court. The children were to enroll in counseling and public school. The juvenile court judge informed the children that, if they refused to go with their mother, they would be apprehended by law enforcement authorities and placed in the custody of the Ashtabula County Children Services Board.
That same day, the court issued a judgment entry ordering the children to be immediately transferred to Cynthia Bates, stating that Victor Bates would not have visitation with his sons, and ordering the children be enrolled in counseling and public schools forthwith. A judgment entry also issued on July 18, 2000, stated the court had probable cause to believe the children had intentionally disobeyed the first order by not submitting themselves to the custody of their mother. Warrants were issued for the boys' arrest. The court ordered the children to be delivered into the temporary custody of the Ashtabula County Children Services Board. The arrest warrants stated the children appeared to be unruly.
On July 26, 2000, the juvenile court issued a judgment entry nunc protunc, in which it made the finding that reasonable efforts were made to prevent the need for removal and to return the children to their home. The court stated the exigent nature of the circumstances prevented the provision of services to the family prior to the removal. A judgment entry issued August 8, 2000, terminated the temporary custody of the Ashtabula County Children Services Board. The agency was ordered to retain protective supervision of both children until further order of the court.
Appellants assign the following errors for review:
 "[1.] The trial court denied the minor children due process and violated their constitutional rights.
 "[2.] The trial court did not have jurisdiction and it abused its discretion in removing the children from the custody of both parents.
 "[3.] The trial court abused its discretion and violated the constitutional rights of the children by arresting them for violating a court order.
 "[4.] The trial court abused its discretion in entering orders affecting the parents and children without taking evidence."
 Appellants' first three assignments of error will be addressed together as similar issues of law and fact are involved for their resolution. Since the filing of this appeal, the oldest child, Victor, has turned eighteen and is no longer subject to a custody order by juvenile or domestic relations courts. Therefore, the appeal will proceed discussing only Brian. Brian essentially complains of his arrest, lack of representation, and of his removal from the custody of both parents. The record before this court reflects Brian is no longer under arrest, is represented by counsel, and is no longer in the custody of the Ashtabula County Children Services Board.
A court cannot entertain jurisdiction over a moot question. It is not the duty of a court to decide purely academic or abstract questions.Miner v. Witt (1910), 82 Ohio St. 237. If a plaintiff cannot be granted effectual relief by a reviewing court, the appeal will be dismissed for mootness. See James A. Keller, Inc. v. Flaherty (1991),74 Ohio App.3d 788. After all, an appellate court has no duty to decide moot cases. In re Facemyer (Dec. 22, 2000), Lake App. No. 2000-L-017, unreported, 2000 Ohio App. LEXIS 6118. This court cannot afford Brian any relief for the issues raised. The first three assignments of error are moot.
In his fourth assignment of error, Brian contends the juvenile court abused its discretion by not ordering visitation for his father without making any findings of fact or conclusions of law in its judgment entry. If a trial court determines it would not be in the child's best interest to permit a parent to visit that child, the court must include findings of fact and conclusions of law in its judgment entry. R.C. 3109.051(A). This provision would be applicable in this case because the proceedings were not for neglect, dependency, or abuse. See In re Surdel (May 12, 1999), Lorain App. No. 98CA007172, unreported, 1999 Ohio App. LEXIS 2164; In re Knisley (May 26, 1998), Ross App. No. 97CA2316, unreported, 1998 Ohio App. LEXIS 2347. The juvenile court's entry in the instant case contains no findings of fact or conclusions of law as mandated by R.C. 3109.051(A).
Brian also argues the juvenile court erred by entering visitation orders, ordering counseling, and deciding educational issues without first holding an evidentiary hearing. The juvenile court apparently relied upon the judgment entry of the domestic relations court in making its orders regarding these issues. The juvenile court did not permit the parties to present any evidence or argument on these matters. The issue of Brian's custody was determined by the domestic relations court prior to certification. The juvenile court should have permitted the parties an opportunity to present their evidence and positions on the issues of visitation, counseling, and education before reaching a judgment. Civil due process requires notice and an opportunity to be heard. Williams v.Williams (Sept. 29, 2000), Ashtabula App. No. 99-A-0008, unreported, 2000 Ohio App. LEXIS 4554, citing Goldberg v. Kelly (1970), 397 U.S. 254. Brian's fourth assignment of error has merit. Appellants' first three assignments of error are dismissed as moot. The judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, with regard to the fourth assignment of error is reversed and remanded.
JUDGE DIANE V. GRENDELL, FORD, P.J., CHRISTLEY, J., concur.