OPINION
Respondent-appellant, Suzanne Boulais, appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, granting the petition of petitioner-appellee, William Logsdon, for a domestic violence civil protection order.
The parties were married and had two children together. They were divorced in Clermont County, Ohio in 1991, and Boulais was granted custody of the children. She subsequently moved to Florida with the children. On August 7, 2000, Logsdon filed a petition requesting a domestic violence civil protection order, alleging that Boulais had hit one of the children, abused alcohol, and failed to adequately supervise the children. After an ex parte hearing, the trial court issued a temporary civil protection order which, among other terms, vacated the prior custody order and granted temporary custody of the parties' children to Logsdon.
On September 27 and 28, 2000, the matter came before a magistrate for a full hearing. After hearing evidence, the magistrate granted Logsdon's petition for a domestic violence civil protection order. The judgment entry stated that the terms of the order would remain in full force and effect until June 7, 2001, or until further order of the court. Appellant filed objections which were overruled by the trial court. It is from this order that Boulais appeals.
The civil protection order, issued by the trial court as a result of Logsdon's petition, was to remain in force until June 7, 2001. As that date has passed, the protection order no longer is in effect. There is no indication in the record that the protection order was extended.
Generally, courts exercise jurisdictional restraint in cases that do not present actual controversies. Fortner v. Thomas (1970),22 Ohio St.2d 13, 14. An appeal will be dismissed when, without the fault of any party, circumstances preclude the reviewing court from granting effective relief. James v. Keller, Inc. v. Flaherty (1991),74 Ohio App.3d 788, 791. An appellate court is not required to render an advisory opinion on a moot question or to rule on a question of law that cannot affect matters at issue in a case. Miner v. Witt (1910),82 Ohio St. 237, 238.
As the domestic violence civil protection order issued as a result of Logsdon's petition has expired, the present appeal is moot. See Saffoldv. Saffold (May 13, 1999), Cuyahoga App. No. 72937, unreported. Accordingly, the appeal is dismissed.
YOUNG, P.J., and VALEN, J., concur.