This cause was heard upon the record in the trial court, and the following disposition is made:
{¶ 1} Appellants, Pauli-Ann and James D. Stewart, appeal from a decision of the Summit County Court of Common Pleas, Probate Division, which found Pauli-Ann in contempt of a restraining order. We dismiss the appeal for mootness.
 I.
{¶ 2} In June 1984, Pauli-Ann and her son, James, moved in with Pauli-Ann's mother, Alexandria Boncek, at Ms. Boncek's home in Stow, Ohio. In March 1999, Ms. Boncek was admitted to the hospital. Ms. Boncek subsequently moved into a nursing home, where she died in October 1999. Prior to Ms. Boncek's death, certain assets were transferred to Pauli-Ann and James, including some stocks and an automobile, and Ms. Boncek's interest in her residence was transferred to Pauli-Ann and James by quitclaim deed.
{¶ 3} Joseph Boncek, the executor of Ms. Boncek's estate and Pauli-Ann's brother, filed an action in Summit County Probate Court, alleging that Pauli-Ann had concealed Ms. Boncek's assets. The action was converted to a declaratory judgment action, seeking a declaration that the transfers of the residence, the stocks, and the automobile were invalid conveyances or transfers, and the property should be restored to Ms. Boncek's estate. Pauli-Ann and James filed a counterclaim, seeking payment for services provided to Ms. Boncek for her care. The Probate Court granted summary judgment to the estate, finding that the transfers in question were unlawful on their face. The court ordered the property to be restored to the estate. The court also dismissed the counterclaim.
{¶ 4} The court later issued a restraining order, restraining Pauli-Ann and James from impeding the process necessary to list and market the real property. The estate subsequently filed a motion to hold Pauli-Ann in contempt for the failure to comply with the court's restraining order. After a hearing on the matter, the court found Pauli-Ann to be in contempt of the restraining order because her actions constituted a continuing effort to thwart the marketing and sale of the residence. The court ordered Pauli-Ann and James to vacate the residence within 45 days. The court further stated that failure to comply would result in the assessment of attorney fees, incurred by the estate in enforcing the declaratory judgment, against Pauli-Ann's share of the estate. This appeal followed.
 II. Assignment of Error I {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF FACT WHEN IT FOUND APPELLANT HAD VIOLATED THE COURT'S ORDER."
 Assignment of Error II {¶ 6} "APPELLANT'S CONDUCT AT THE INITIAL INTERVIEW ON JANUARY 6, 2002 DID NOT VIOLATE THE COURT'S ORDER."
 Assignment of Error III {¶ 7} "APPELLANT DID NOT CANCEL EIGHT APPOINTMENTS TO SHOW THE HOUSE."
 Assignment of Error IV {¶ 8} "APPELLANT DID NOT VIOLATE THE COURT'S ORDER BY RESPONDING TO QUESTIONS CONCERNING DEFICIENCY WITH THE HOME."
{¶ 9} Although Pauli-Ann and James attempt to set forth four separate assignments of error, the second, third, and fourth assignments of error merely provide additional support for the statement of their first assignment of error. Therefore, we will address the four as one. Essentially, the appellants challenge the finding of contempt. The estate argues that the issue is moot because Pauli-Ann and James vacated the premises and the residence has been sold.
{¶ 10} As a general rule, courts will not resolve issues which are moot. Miner v. Witt (1910), 82 Ohio St. 237, syllabus. "The doctrine of mootness is rooted both in the `case' or `controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." (Citations omitted.) James A.Keller, Inc. v. Flaherty (1991), 74 Ohio App.3d 788, 791. As such, a court's duty is to decide actual controversies, not resolve moot issues or decide abstract questions. Miner, 82 Ohio St. at 238. "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not * * * to declare principles or rules of law which cannot affect the matter in issue in the case before it." Id., quoting Mills v. Green (1895),159 U.S. 651, 653, 40 L.Ed. 293.
{¶ 11} There are certain exceptions to the doctrine of mootness. For instance, an appellate court may consider a moot appeal where it finds that the issues raised are capable of repetition yet evade review.State ex rel. Bona v. Village of Orange (1999), 85 Ohio St.3d 18, 21. "This exception applies when the challenged action is too short in duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subject to the same action again." State ex rel. Dispatch Printing Co.v. Louden (2001), 91 Ohio St.3d 61, 64. In addition, a court may consider the appeal if the appeal concerns a matter of public or great general interest. In re Appeal of Suspension of Huffer from Circleville HighSchool (1989), 47 Ohio St.3d 12, 14.
{¶ 12} In this case, the appellants concede that "[s]ince the real estate has been sold, much of this appeal has been rendered moot." Pauli-Ann and James appealed from an order which found Pauli-Ann in contempt and ordered them both to vacate the premises within 45 days. Although the appellants requested a stay in the trial court, a stay was not granted. At some time beyond the 45 days, Pauli-Ann and James did vacate the residence.
{¶ 13} Both parties agree at this junction that the property has been sold. There is no remedy this Court could grant that would affect the matter at issue before us, nor can we enter a judgment that can be carried into effect concerning either the finding of contempt or the order requiring Pauli-Ann and James to vacate the residence. Accordingly, we find that the issue before us is moot. We also find that neither of the exceptions to the doctrine of mootness applies. This is not an issue subject to repetition, nor is it one that concerns a matter of public or great general interest.
{¶ 14} We note that Pauli-Ann argues that there is still the possibility that attorney fees will be awarded against her. Pauli-Ann cites to the threat of the imposition of attorney fees as a sanction. The issue of attorney fees remains pending; no such sanction has yet to be imposed. Moreover, the trial court stated that attorney fees would be imposed for failure to comply with the order requiring Pauli-Ann and James to vacate the residence. The appellants are not appealing from an order finding them in contempt for violating that order, nor are they appealing from an order requiring them to pay attorney fees. The possibility that the court will impose a sanction of attorney fees upon the appellants at some later date is not an issue that is properly before us at this time.
 III.
{¶ 15} Pauli-Ann and James have vacated the residence, and the residence has been sold, rendering the present appeal moot. Accordingly, the appeal is dismissed.
SLABY, P.J., WHITMORE, J. CONCUR.