OPINION
{¶ 1} Appellant, Donald VanMeter ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a civil protection order ("CPO") to appellee, Sherri VanMeter ("appellee"). For the following reasons, the appeal is dismissed as moot.
 {¶ 2} Appellant and appellee have been married for approximately 11 years. They reside in Franklin County and have three children together. Appellee also has a daughter from another man, and is appellant's stepdaughter.
 {¶ 3} On October 16, 2003, appellee filed a petition requesting a domestic violence civil protection order. In that order she alleged appellant pushed her down the front steps of their residence causing her physical injury. In a separate incident, appellee stated appellant caused physical harm to their youngest daughter. She further alleged verbal abuse by appellant, often communicated in the presence of the children.
 {¶ 4} On October 23, 24, and 27, 2003, the trial court conducted a hearing. The trial court determined appellee proved by a preponderance of the evidence that a CPO was appropriate. The CPO was to remain in effect for six months from the date of the hearing, then the order expired on April 17, 2004. Appellant subsequently filed the instant appeal. Appellant asserts the following assignment of error:
The trial court erred when it found that Appellee was entitled to a CPO.
 {¶ 5} Generally, courts exercise jurisdictional restraint in cases that do not present actual controversies. Fortner v.Thomas (1970), 22 Ohio St.2d 13, 14. An appeal will be dismissed when, absent the fault of any party, circumstances preclude the reviewing court from granting effective relief. James A. Keller,Inc. v. Flaherty (1991), 74 Ohio App.3d 788, 791. An appellate court is not required to render an advisory opinion on a moot question or to rule on a question of law that cannot affect matters at issue in a case. Saffold v. Saffold (May 13, 1999), Cuyahoga App. No. 72937. "Actions become moot when resolution of the issues presented is purely academic and will have no practical effect on the legal relations between the parties." Id.
 {¶ 6} The CPO issued in this case expired on April 27, 2004. There are no indications in the record the term has been extended. As this particular CPO is no longer in effect as a result of its expiration, the present appeal is moot. Logsdon v.Boulais (Oct. 22, 2001), Clermont App. No. CA2001-03-028 (Since the domestic violence CPO had expired, the present appeal was moot); Smith v. Smith (Aug. 16, 2001), Wyandot App. No. 16-01-03 (Because the CPO expired prior to magistrate's ruling on respondent's objection to CPO, any ruling by the trial court after its expiration could not have afforded respondent any relief; any restraints the order may have caused no longer existed).
 {¶ 7} For the foregoing reasons, we find the issue in this appeal moot and dismiss the appeal.
Appeal dismissed.
Bowman and Sadler, JJ., concur.