OPINION *Page 2 
{¶ 1} Appellants, Mahoning County Commissioner John A. McNally IV, Mahoning County Auditor Michael V. Sciortino, and Mahoning County Treasurer John Reardon ("Appellants"), appeal the decision of the Mahoning County Common Pleas Court to deny Appellants' Application for Appointment of Counsel. Appellees are the Mahoning County Prosecutor and the Mahoning County Board of Commissioners.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} In early 2006, Southside Community Development Corporation filed for Chapter 7 bankruptcy (Southside Community Development CorporationChapter 7 Bankruptcy, Case No. 06-40587). Southside Community Development Corporation owned Oakhill Renaissance Place, a complex that housed certain government offices, such as the Mahoning County Coroner and Morgue, the Head Start program and the Youngstown City Health Department.
 {¶ 3} On May 25, 2006, the majority of the Mahoning County Board of Commissioners approved a resolution to grant the County Administrator or County Prosecutor with authority to make an offer to acquire the property. Appellants objected to the purchase of the property. The County Administrator made an offer on July 7, 2006 to purchase the property for $75,000. The Bankruptcy Trustee filed a motion with the Bankruptcy Court on July 10, 2006 for an order approving the sale of the property to Mahoning County. The Bankruptcy Court scheduled a hearing on the Trustee's motion on July 26, 2006 at 10:00 a.m.
 {¶ 4} Appellants met with the County Prosecutor on or about July 24, 2006, to discuss Appellants' intent to file an objection to the property purchase with the *Page 3 
Bankruptcy Court. Appellants requested the County Prosecutor to file an Application for Appointment of Counsel pursuant to R.C. 305.14 with the Common Pleas Court so that independent counsel could be appointed to appear at the bankruptcy hearing scheduled for July 26th
and file objections to the property purchase. Appellants had retained the services of the law firm of Taft, Stettinius Hollister, LLP and had received legal assistance in this matter, incurring legal fees in the amount of $22,476.89. The County Prosecutor denied Appellants' request to file a joint application for appointment of counsel.
 {¶ 5} On July 25, 2006, Appellants filed a pro se Application for Appointment of Counsel with the Common Pleas Court, requesting that the trial court appoint the law firm of Taft, Stettinius Hollister, LLP as their counsel for the purpose of filing an objection to the Trustee's motion in the bankruptcy case. Appellants believed they were entitled to outside counsel based upon a perceived conflict between the County Prosecutor, who was representing the County Commissioners in the bankruptcy case, and their positions as county officials who wished to assert opposition to the sale in the bankruptcy action. The County Prosecutor filed a brief in opposition on July 26, 2006 arguing Appellants had no standing in their official capacities to file objections in the bankruptcy case. The County Prosecutor cited to R.C. 305.14(A), which specifies that the Court of Common Pleas may authorize legal representation in those actions in which a county "board or officer is party or has an interest, in its official capacity."
 {¶ 6} On July 26, 2006, Appellants filed a pro se objection with the Bankruptcy Court, objecting to the Trustee's July 10, 2006 motion for an order approving the sale of *Page 4 
the property. Appellees filed a motion to strike and brief in opposition. Appellees reiterated that Appellants lacked standing to file objections in their official capacities.
 {¶ 7} The Bankruptcy Court proceeded with the motion hearing as scheduled on July 26, 2006. The Bankruptcy Court ruled from the bench, and later by judgment entry issued July 27, 2006, granting Appellees' motion to strike, finding Appellants lacked standing to file the objection in both their official capacities and as taxpayers. It further granted the Trustee's motion approving the sale of the property to the County.
 {¶ 8} The County Prosecutor provided a copy of the July 27, 2006 judgment entry to the Common Pleas Court on July 30, 2006. On August 4, 2006, Appellants filed a notice of appeal of the Bankruptcy Court's July 27th entry with the United States District Court. The Court of Common Pleas overruled Appellants' Application for Appointment of Counsel on September 12, 1006. Appellants voluntarily dismissed their appeal of the Bankruptcy Court decision on November 10, 2006. In Appellants' motion for voluntary dismissal, Appellants stated the reasons for their dismissal included the dismissal of a mandamus action brought by the Mahoning County Commissioners against the County Auditor on October 1, 2006; a ruling on a taxpayer lawsuit brought by the Ohio Valley Mall Company against the Mahoning County Commissioners; and the withdrawal of a motion to vacate the property purchase by the Charitable Law Section of the Ohio Attorney General on October 20, 2006.
 {¶ 9} Appellants filed an appeal of the Court of Common Pleas decision and raise one Assignment of Error:
 {¶ 10} "I. WHETHER THE COMMON PLEAS COURT ERRED IN DENYING APPELLANTS' ORIGINAL APPLICATION FOR APPOINTMENT OF OUTSIDE *Page 5 
COUNSEL WHERE THE MAHONING COUNTY PROSECUTOR'S REPRESENTATION OF THE BOARD OF MAHONING COUNTY COMMISSIONERS CREATED A CONFLICT OF INTEREST WHICH PREVENTED HIM FROM SIMULTANEOUSLY REPRESENTING ONE MAHONING COUNTY COMMISSIONER, THE MAHONING COUNTY AUDITOR AND THE MAHONING COUNTY TREASURER IN BANKRUPTCY LITIGATION INVOLVING THE BOARD OF MAHONING COUNTY COMMISSIONER'S PURCHASE OF OAKHILL RENAISSANCE PLACE."
 I. {¶ 11} Appellants argue the trial court erred when it denied Appellants' Application for Appointment of Counsel.
 {¶ 12} In response to both Appellants' Application in Common Pleas Court and objection in the Bankruptcy Court, Appellees argued Appellants lacked standing in their official capacities to object to the property purchase. The Bankruptcy Court granted Appellees' motion to strike and held, "Objectors [Appellants] lack standing to file the Objection in both their official capacities and as taxpayers." (Judgment Entry, Case No. 06-40587, July 27, 2006).
 {¶ 13} Appellants filed an appeal of the Bankruptcy Court decision with the United States District Court, but voluntarily dismissed that appeal on November 10, 2006.
 {¶ 14} Upon review of the record in this matter, we find the issues presented to this Court are now moot, as it has been conclusively determined by the Bankruptcy Court that Appellants lacked standing in their official capacities to object to the sale of the property. Accordingly, Appellants were not entitled to representation under *Page 6 
R.C. 305.14(A). Generally, courts exercise jurisdictional restraint in cases that do not present actual controversies. Fortner v. Thomas (1970), 22 Ohio St.2d 13, 14. An appeal will be dismissed when, absent the fault of any party, circumstances preclude the reviewing court from granting effective relief. James A. Keller, Inc. v. Flaherty (1991),74 Ohio App.3d 788, 791. An appellate court is not required to render an advisory opinion on a moot question or to rule on a question of law that cannot affect matters at issue in a case. Saffold v. Saffold (May 13, 1999), Cuyahoga App. No. 72937. "Actions become moot when resolution of the issues presented is purely academic and will have no practical effect on the legal relations between the parties." Id.
 {¶ 15} We find the Bankruptcy Court assumed jurisdiction over this issue and rendered its decision on July 27, 2006. Appellants' objections were dismissed for lack of standing and the Trustee's motion for the sale of the property was granted. Appellants appealed that decision but later dismissed their appeal.[1] Thus, this issue has been finally determined by the Bankruptcy Court. In addition, we find that any further interpretation of the Bankruptcy Court decision by this Court is barred by Supremacy Clause of the U.S. Constitution. The Supremacy Clause states,
 {¶ 16} "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, C1. 2. *Page 7 
 {¶ 17} For the foregoing reasons, we find the issue in this appeal is moot and dismiss the appeal.
By: Delaney, J.
Gwin, P.J. and
Wise, J. concur.
[1] We will also note the property at issue in this matter has been purchased by the Mahoning County Board of Commissioners. *Page 1