[Cite as *Omnireal, Inc. v. Meyers Lake Village Council*, 2013-Ohio-2222.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| OMNIREAL, INC. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| MEYERS LAKE VILLAGE COUNCIL | : | Case No. 2012CA00163 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Case No. 2012CV01077

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        May 28, 2013

APPEARANCES:

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| CRAIG T. CONLEY | PAUL J. PUSATERI |
| 604 Huntington Plaza | THOMAS R. HIMMELSPACH |
| 220 Market Avenue South | 4684 Douglas Circle, NW |
| Canton, OH 44702 | P.O. Box 35459 |
| | Canton, OH 44735-5459 |

*Farmer, J.*

{¶1}    On July 7, 2011, the Zoning Administrator for the Village of Meyers Lake, Marshall Bleckman, issued a violation/stop order to appellant, Omnireal, Inc., for violating a village ordinance regarding a non-conforming use of real property.  Appellant was using his property to sell used vehicles which was not a permitted use.

{¶2}    Appellant appealed to the Board of Zoning Appeals which denied the appeal.  Appellant then appealed to appellee, Meyers Lake Village Council, which denied the appeal.

{¶3}    On April 5, 2012, appellant filed an appeal with the Court of Common Pleas.  On June 29, 2012, appellant filed a motion to strike the affidavit of Craig Campbell.  By judgment entry filed August 29, 2012, the trial court denied the motion to strike the affidavit and affirmed appellee's decision.

{¶4}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}    "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO STRIKE THE 'AFFIDAVIT' OF CRAIG L. CAMPBELL."

II

{¶6}    "THE TRIAL COURT ERRED IN AFFIRMING THE ADMINISTRATIVE DECISION BEFORE IT."

III

{¶7}    "THE TRIAL COURT ERRED IN FINDING THE CHALLENGED SECTION OF THE VILLAGE'S ZONING ORDINANCE TO BE CONSTITUTIONAL."

I

{¶8}   Appellant claims the trial court erred in denying its motion to strike the "affidavit" of Craig Campbell as the affidavit was not sworn before a person authorized to administer an oath, was not offered during the hearing of the Board of Zoning Appeals, and was not part of the record transmitted by appellee.  We disagree.

{¶9}   Pursuant to Evid.R. 104(A), the initial determination of admissibility is to be determined by the trial court.  The admission or exclusion of evidence lies in the trial court's sound discretion.  *State v. Sage,* 31 Ohio St.3d 173 (1987).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶10}  The Campbell affidavit is attached to appellee's June 20, 2012 brief to the trial court as Exhibit No. 3.  Mr. Campbell leased the subject property from appellant from June 2009 to May 2010.  He operated Campbell Marine, Truck and Auto and conducted engine repairs.  At no time did he sell or display vehicles, trucks or boats on the property.

{¶11}  In his affidavit, Mr. Campbell averred, "I make this Affidavit on the basis of personal knowledge and am competent to testify concerning the matters set forth herein," and the affidavit is acknowledged and signed by a Notary Public stating:

> I hereby certify that on this 29th day of February 2012, before me, the
>
> undersigned Notary Public of the State as aforesaid, personally appeared
>
> Craig L. Campbell who acknowledged that he is the same person who

executed the above and forgoing instrument for the purposes therein contained.

Rebecca I. Hall
Notary Public

{¶12} The affidavit meets the authentication requirements of Evid.R. 901(A) as being given by one with knowledge. The issue raised by appellant is whether it was in fact given under oath. Although specific mention of being under oath is not included in the notary portion, we cannot say the trial court's decision was an abuse of discretion. By styling the statement as an "Affidavit" implicates it was made under oath or affirmation.

{¶13} Pursuant to R.C. 2506.07(A)(2), additional evidence may be presented to the trial court:

> (A) The hearing of an appeal taken under section 2506.05 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed under section 2506.06 of the Revised Code unless it appears on the face of that transcript or by affidavit filed by the appellant that one or more of the following applies:
>
> (2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision appealed from and to do any of the following:
>
> (a) Present the appellant's position, arguments, and contentions;
>
> (b) Offer and examine witnesses and present evidence in support;

(c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;

(d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;

(e) Proffer any evidence offered pursuant to division (A)(2)(d) of this section into the record if the admission of it is denied by the officer or body appealed from.

{¶14} The affidavit was presented to appellee, but was not transmitted with the record. T. at 4. We note the affidavit was cumulative evidence to that of the Zoning Administrator, Marshall Bleckman. T. at 5, 10-11.

{¶15} Upon review, we find the trial court did not err in admitting the Campbell affidavit.

{¶16} Assignment of Error I is denied.

II

{¶17} Appellant claims the trial court erred in affirming appellee's decision as the record established there was a previous legal non-conforming use on the property and it had the right to the continued use. We disagree.

{¶18} R.C. 2506.04 governs appeals from administrative agencies and states the following:

The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or

unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

{¶19} In *Henley v. Youngstown Board of Zoning Appeals,* 90 Ohio St.3d 142, 147, 2000-Ohio-493, the Supreme Court of Ohio discussed the difference between the standards of review to be applied by the trial court and the court of appeals:

Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.***

The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is "*more limited* in scope." (Emphasis added.)***. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court."*** "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court.***The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so."***

{¶20} In reviewing the trial court's decision, this court must apply the abuse of discretion standard. *Kisil v. Sandusky,* 12 Ohio St.3d 30 (1984). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶21} The gravamen of the argument herein is whether there was a cessation of the non-conforming use for the requisite period of time. Appellee argues the right to a non-conforming use is governed by its ordinances, specifically, Section 1.102(3)(c) which states the following:

Where, at the effective date of adoption of this Ordinance, lawful use of land exists that is made no longer permissible under the terms of this Ordinance as enacted, such use may be continued, so long as it remains otherwise lawful, subject to the following provisions:

c. If such nonconforming use of land ceases for any reason for a period of more than sixty (60) days, any subsequent use of such land shall conform to the regulations specified by this Ordinance for the district in which such land is located.

{¶22} The evidence presented to appellee via Mr. Bleckman was that to his personal knowledge, between June 2009 through May 2010, the property in question (3920 12th Street, NW) was operated by Campbell Marine, Truck and Auto and was a repair shop. T. at 4-6. Mr. Campbell never sold vehicles on the property. T. at 9-10. The Campbell affidavit re-affirms this testimony.

{¶23} Appellant presented evidence via James Marino that his business, 12th Street Auto Sales, "operated simultaneously at the same location" as Mr. Campbell's. T. at 40. In his affidavit, attached to the hearing transcript as Exhibit 4, Mr. Marino averred that he operated 12th Street Auto Sales on the property between "at least 2008 to date." He also stated the following:

3. Both before and during most of the aforesaid time period, I, doing business as 12th St. Auto Sales, operated an automobile sales business on the Premises through and including September, 2011; and, during my

operation of that business and continuing thereafter following my business's vacation of the Premises, Belden Village Auto Sales, Inc., doing business as Motorcars of Canton, has and continues to operate to date an automobile sales business on the Premises.

{¶24} Prior to Campbell Marine, Truck and Auto, the property was used by Jeffrey's Marine. An adjacent resident, Judy Cooper, testified that "Jeffrey's Marine was only used for an occasional boat out front. It was never used to display boats or cars at any time." T.. at 29. She testified 12th Street Auto "sold a car there once in a while, periodically.***And this property right here, 3920, the Craig Auto, Campbell Auto Supply was there for a year between Jeffrey's Marine and Motorcars of Canton." T. at 30-31.

{¶25} Clearly there are two different versions of whether or not there was a continued use of the property for vehicle/boat sales. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶26} Upon review, we concur with the trial court that there was sufficient evidence to substantiate appellee's decision of a cessation of vehicle/boat sales for at least one year by Campbell Marine, Truck and Auto.

{¶27} Assignment of Error II is denied.

III

{¶28} Appellant claims appellee's nonconforming use ordinance is unconstitutional because it places more restrictions than the general statutory law. Appellant argues Section 1.102(3)(c) is unconstitutional because it limits the time of cessation of a nonconforming use to sixty days as opposed to R.C. 713.15 which sets the time period at a minimum of six months.

{¶29} Because we have found the evidence in this case demonstrates cessation of the nonconforming use for at least one year, we decline to address appellant's constitutional argument. *Keller v. Flaherty,* 74 Ohio App.3d 788 (10th Dist.1991).

{¶30} Assignment of Error III is denied.

{¶31} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 502