[Cite as *In re T.B.*, 2021-Ohio-3413.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:

    T.B.

    K.B.

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Earle E. Wise, J.

Case Nos. 21 CA 000007 and
         21 CA 000008

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. 220 2146 and 220 2147 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 27, 2021 |


APPEARANCES:

For Appellant Mother

DARIN AVERY
105 Sturges Avenue
Mansfield, Ohio  44903

Guardian Ad Litem

TONIA WELKER
126 East Vine Street
2nd Floor
Mount Vernon, Ohio  43050

For Appellee DJFS

ASHLEY L. JOHNS
KNOX COUNTY DJFS
117 East High Street
Mount Vernon, Ohio  43050

Father

TROY BELL
840 Lexington Avenue
Zanesville, Ohio  43701

*Wise, John, J.*

{¶1}    Appellant-Mother M.B. appeals the March 4, 2021, decision of the Knox County Court of Common Pleas, Juvenile Division, denying her motion to dismiss the Complaint in this matter.

{¶2}    Appellee is the Knox County Department of Job and Family Services.

## STATEMENT OF THE FACTS AND CASE

{¶3}    The relevant facts leading to this appeal are as follows.

{¶4}    Appellant-Mother M.B. and Father T.B. are the biological parents of T.B. and K.B.

{¶5}    On or about November 12, 2020, Appellee Knox County Department of Job and Family Services, Children Services Division ("KCDJFS") filed Complaints alleging that the minor children T.B. and K.B. were Dependent pursuant to R.C. §2151.04(B)(C) based upon Mother's Methamphetamine abuse. The trial court issued a scheduling Order with the following hearing dates: Preliminary Hearing, November 23, 2020; Adjudicatory Hearing, December 14, 2020; and Dispositional Hearing, January 20, 2021.

{¶6}    On November 23, 2020, Attorney Devin Trainer entered an appearance as Counsel for Appellant.

{¶7}    On December 1, 2020, Attorney Trainer requested a continuance of the Adjudicatory Hearing "to allow counsel additional time to prepare a defense."

{¶8}    On December 2, 2020, Counsel for KCDJFS requested the trial court convert the Adjudicatory Hearing to a Status Conference rather than continue it outright to address Mother's ongoing Methamphetamine abuse.

**{¶9}** On December 2, 2020, the trial court converted the Adjudicatory Hearing to a Status Conference.

**{¶10}** On December 10, 2020, Attorney Andrew Wick entered an appearance as counsel for Appellant and filed a Motion to Continue.

**{¶11}** On December 11, 2020, Attorney Wick filed a Waiver of Time, explicitly waiving the statutory time-period for the adjudicatory and dispositional hearings.

**{¶12}** On December 14, 2020, the trial court held a Status Conference and at the conclusion of that hearing, placed the children in the temporary custody of KCDJFS due to Mother's four consecutive positive high-level Methamphetamine screens on October 1, 2020; October 26, 2020; November 23, 2020; and December 2, 2020. At this hearing, Counsel for Appellant and Counsel for Father both advised that their clients explicitly waived any claims regarding the 90-day statutory time-period so that the trial court had time to grant the requested continuance. The trial court scheduled the Adjudicatory and Dispositional Hearings for January 20, 2021.

**{¶13}** On December 18, 2020, Counsel for Father, Attorney Derek Demaree, filed a Motion to Continue and Waiver of Time requesting continuance of the January 20, 2021, Adjudicatory and Dispositional Hearings.

**{¶14}** On December 30, 2020, the trial court granted Attorney Demaree's Motion, and the court issued a new scheduling Order with the following hearing dates: Adjudicatory Hearing, January 29, 2021 and Dispositional Hearing, February 26, 2021.

**{¶15}** On January 25, 2021, Attorney Darin Avery, entered an appearance as counsel for Appellant.

**{¶16}** At an Adjudicatory Hearing on January 29, 2021, the trial court found the children to be Dependent pursuant to R.C. §2151.04(C) based upon the environment created by Mother's Methamphetamine abuse. As of the date of that hearing, Mother had produced multiple clean drug screens for KCDJFS, and the Court returned the children to the custody of Mother with a Protective Supervision Order.

**{¶17}** On February 26, 2021, a Dispositional Hearing was held. Counsel for Appellant failed to appear for the Dispositional Hearing, and no objections were raised.

**{¶18}** On February 26, 2021, Appellant filed a Motion to Dismiss arguing the trial court failed to conduct the dispositional hearings within the 90-day statutory timeframe required by R.C. §2151.35(B)(1).

**{¶19}** On March 4, 2021, the Court denied Appellant's Motion to Dismiss.

**{¶20}** On April 5, 2021, Appellant filed a timely Notice of Appeal.

**{¶21}** Appellant failed to timely file an Appellate Brief.

**{¶22}** On May 19, 2021, Counsel for KCDJFS filed a Motion to Strike Appellant's untimely brief and to Dismiss this Appeal.

**{¶23}** On May 27, 2021, Counsel for KCDJFS filed a Motion to Terminate the protective supervision order and close the case with the agreement of Appellant.

**{¶24}** On June 1, 2021, the trial court granted the Motion to Terminate.

**{¶25}** Appellant-Mother assigns the following error for review:

<u>ASSIGNMENT OF ERROR</u>

**{¶26}** "I.   THE COURT ERRED IN DECLINING TO DISMISS THE CASE WITHOUT PREJUDICE."

**I.**

**{¶27}** In her sole assignment of error, Appellant-Mother challenges the trial court's decision denying her motion to dismiss these juvenile cases for failure to hold the dispositional hearing within 90 days.

*Mootness*

**{¶28}** "The doctrine of mootness is rooted in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736.

**{¶29}** "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." *Id.* "It is not the duty of the court to answer moot questions," so if during the course of a proceeding "an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief," the court will refuse to rule on the moot question. *Miner v. Witt* (1910), 82 Ohio St. 237, 92 N.E. 21, syllabus. *See also Tschantz v. Ferguson* (1991), 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (stating "[n]o actual controversy exists where a case has been rendered moot by an outside event"). *Lingo v. Ohio Cent. R.R., Inc.,* 10th Dist. No. 05AP–206, 2006–Ohio–2268, ¶ 20, quoting *Grove City v. Clark,* 10th Dist. No. 01AP–1369, 2002–Ohio–4549, ¶ 11 (concluding an action is moot when it does not involve an " 'actual genuine, live controversy, the decision of which can definitely affect existing legal relations' ").

**{¶30}** "The duty of this court, as of every judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions

upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." (Internal quotation marks and citations omitted.) *State ex rel. Eliza Jennings, Inc. v. Noble* (1990), 49 Ohio St.3d 71, 74, 551 N.E.2d 128.

**{¶31}** In the case before us, KCJFS filed a motion on May 27, 2021, to vacate the prior order of Protective Supervision and grant custody to Mother, which was granted by the trial court on June 1, 2021, therein terminating KCJFS' involvement.

**{¶32}** Based on the above actions by KCJFS and the trial court, we find there is no longer an actual controversy presented by Appellant's appeal of the trial court's March 4, 2021, decision, and therefore Appellant's appeal has been rendered moot.

**{¶33}** The appeal from the decision of the Knox County Common Pleas Court, Juvenile Division, is *sua sponte* dismissed.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/kw 0921