OPINION
{¶ 1} Appellants Domenic R. Moecia, Rose V. Moecia, and Aurel Solomon appeal two judgments of the Court of Common Pleas, Probate Division, of Stark County, Ohio, entered on various applications to expend funds and pay attorney fees. Appellants assign seven errors to the trial court:
 {¶ 2} "I. The trial court committed an abuse of discretion.
 {¶ 3} "II. The trial court erred in not granting the guardian's fees that he was entitled to.
 {¶ 4} "III. The trial court erred in not grainting total attorney fees for the guardianship.
 {¶ 5} "IV. The trial court erred in not granting the full amount that Aurel Solomon is entitled to in the Estate of Elizabeth M. Papuska, deceased, as attorney for said estate.
 {¶ 6} "V. The trial court erred in not granting the entire amount that Aurel Solomon was entitled to in the will contest case of Elizabeth M. Papuska.
 {¶ 7} "VI. The trial court erred in not granting the administratrix with will annexed the full amount entitled to.
 {¶ 8} "VII. The trial court erred as to the assets of Elizabeth M. Papuska in her guardianship and in her estate."
 {¶ 9} On March 29, 2001, appellant Domenic Moecia applied to be the guardian of his sister-in-law, Elizabeth Papuska. The court issued letters of guardianship for the person and estate on April 30, 2001. Thereafter, the court issued two delinquent inventory notices, two delinquent account notices, two notices of failure to file account documentation, a delinquent notice to file a guardians report, and a delinquent notice to file an expert evaluation.
 {¶ 10} Elizabeth Papuska died on January 21, 2002. Rose V. Moecia applied to the court to be administratrix of the estate, which she alleged was intestate. The court appointed Rose Moecia administratrix of the estate on February 14, 2002. On November 8, 2002, the newly discovered last will and testament of Elizabeth Papuska was brought to the court's attention, and on November 12, 2002, the court admitted the will to probate. On January 6, 2003, Rose Moecia filed the inventory and appraisal. Although the inventory had been due on May 14, 2002, the administratrix had not asked the court for any extensions of time. On January 28, 2003, the administratrix filed her accounting.
 {¶ 11} The administratrix subsequently filed a complaint for construction of the will requesting the court to determine the beneficiaries of the estate. Elizabeth Papuska's will left the entire estate to her husband John, but John had predeceased Elizabeth. The alternate beneficiaries named in the will are Rose Moecia, Agnes Kendrick, Katherine Wenski and Sophie Smith. On April 41, 2004, the court found the will was valid and the beneficiaries are the four persons named in the will.
 {¶ 12} On April 19, 2004, the court removed Rose Moecia as administratrix and appointed Attorney Stephen Ginella, as the successor administrator.
 {¶ 13} The Court found $3,000 was a reasonable attorney fee for the services provided by appellant Attorney Aurel Solomon.
 {¶ 14} In the guardianship case, the court denied the application for authority to expend funds in the amount of $20,872.07. The court did approve $4,352.00 for guardian's fees. The court authorized an expenditure of $5,096.50 to Attorney Richard Bing for attorney fees, but noted the fees had been paid out prior to court approval.
 {¶ 15} The trial court amended the guardian's inventory and found the first and final guardian's account filed January 6, 2003 had been superceded by a final guardian's account filed July 3, 2003. The court concluded it could not approve any accounts filed prior to July 3, 2003.
 {¶ 16} The trial court ordered Domenic Moecia to return the guardian fees in the amount of $18,000.00, and disallowed disbursement of a fiduciary fee to Rose Moecia in the amount of $15,000.00. The court ordered the disbursement to Rose Moecia of $9,000.00 as an estimate of Ohio Estate Tax should be credited to the estate of the decedent. The court also found certain items were not disbursements, but should be considered inventoried assets subject to disbursement through the decedent's estate. The court approved attorney fees for Attorney Aurel Solomon for his work in the Estate of John Papuska, which had been paid out from the guardianship case rather than from John Papuska's estate, prior to court approval. The court approved attorney fees for Aurel Solomon in the Elizabeth Papuska guardianship case in the amount of $4,729.00. Appellant Solomon had applied for $9,825.00.
 I. {¶ 17} In their first assignment of error, appellants urge the trial court abused its discretion in entering the two judgments on April 19, 2004.
 {¶ 18} The Supreme Court has repeatedly instructed us abuse of discretion implies a court's attitude is unreasonable, arbitrary or unconscionable, see e.g., Blakemore v. Blakemore (1986), 5 Ohio St. 3d 217. Absent an abuse of discretion, a court of appeals may not reverse the determination of a probate court, see Whitaker v. Estate of Whitaker
(1995), 105 Ohio App. 3d 46.
 {¶ 19} We have reviewed the record, and we cannot find the court's judgments are unreasonable, arbitrary, or unconscionable.
 {¶ 20} The first assignment of error is overruled.
 II. {¶ 21} In their second assignment of error, appellants argue the court erred in not granting appellant Domenic Moecia's application for guardian fees.
 {¶ 22} Appellees Sophie Smith, Agnes Kendrick, and Katherine Wenski direct our attention to Sup. R. 73, which expressly permits reduction of fees for failure to timely file inventories and accounts. The Rule sets forth how a trial court should compute allowable compensation for guardian fees.
 {¶ 23} The record demonstrates appellant Domenic Moecia did not perform his duties as guardian in a timely manner. Appellant filed the inventory of the guardianship fifteen months late. The court has never approved the guardian's account. A large part of the hearing on March 29, 2004, consisted of the court determining what assets were in the guardianship case, which would then flow over into the estate.
 {¶ 24} The record also indicates appellant Domenic Moecia made expenditures for guardian fees and attorney fees without court approval.
 {¶ 25} This court may not reverse a trial court's finding in this regard unless we find the court abused its discretion, Whitaker, supra. Our review of the record leads us to conclude the trial court did not abuse its discretion in making these determinations.
 {¶ 26} The second assignment of error is overruled.
 III., IV. V {¶ 27} All these assignments of error deal with the issue of attorney fees, and so for the purpose of clarity, we will address these three together.
 {¶ 28} R.C. 2113.36 vests the probate court with jurisdiction to determine necessary and reasonable attorney fees. Sup. R. 71 provides attorney fees should not be paid until the final account is prepared, and attorneys representing fiduciaries who are delinquent in filing their accounts should not be allowed attorney fees.
 {¶ 29} Of note is the fact in addition to appellant Solomon's request for fees, Attorney Richard Bing also performed services for the estate, and was paid from estate funds.
 {¶ 30} Upon this record, this court is unable to state the trial court's judgment was an abuse of discretion or contrary to law.
 {¶ 31} The third, fourth, and fifth assignments of error are overruled.
 VI {¶ 32} The sixth assignment of error addresses the trial court's award of fees to the administratrix with the will annexed. We find this assignment of error is premature because the estate is still open, and the court specifically found although the administratrix's request for fees was disallowed, it is subject to further review in the decedent's estate.
 {¶ 33} The sixth assignment of error is overruled for lack of jurisdiction.
 VII. {¶ 34} In their last assignment of error, appellants argue the trial court erred in its determination of the assets of the guardianship and estate cases.
 {¶ 35} The record indicates the trial court reviewed all pertinent information, including information from decedent's husband's estate, and from records pre-dating the guardianship case. The appellants did not present any evidence to the court which would indicate the court's assessment was inaccurate.
 {¶ 36} The seventh assignment of error is overruled.
 {¶ 37} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, is affirmed. Costs to be split equally among the appellants.