[Cite as *In re Guardianship of Weller*, 2011-Ohio-5816.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN THE MATTER OF:     :

           :   Appellate Case No. 24337

GUARDIANSHIP OF   :

NICHOLAS L. WELLER   :   Trial Court Case No. 10-GRD-112

           :

           :

           :   (Civil Appeal from Common Pleas

           :    Court, Probate Division)

           :

           :

     . . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of November, 2011.

. . . . . . . . . . .

NEIL F. FREUND, Atty. Reg. #0012183, and KELLY M. SCHROEDER, Atty. Reg. #0080637, Freund, Freeze & Arnold, Fifth Third Center, 1 South Main Street, Suite 1800, Dayton, Ohio 45402-2017
and
CAROLYN MUELLER, Atty. Reg. #0065533, Hall & Mueller, LPA, 3040 Presidential Drive, Suite 222, Fairborn, Ohio 45324
   Attorneys for Appellant

DAVID M. RICKERT, Atty. Reg. #0010483, 110 North Main Street, Suite 1000, Dayton, Ohio 45402
and
DAN R. WARNCKE, Atty. Reg. #0061799, and JULIA B. MEISTER, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202
   Attorneys for Appellee

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Appellant Nicholas Weller appeals from a decision of the Montgomery County Common Pleas Court, Probate Division, establishing a guardianship over his estate. Weller contends that the evidence does not support the trial court's finding that he was incompetent to manage his estate.

{¶ 2} We conclude that this appeal has been rendered moot by the May 31, 2011 entry finding Weller restored to competency and terminating the guardianship. Accordingly, this appeal is dismissed as moot.

I

{¶ 3} On March 31, 2010, Nicholas Weller suffered a stroke at his residence in Montgomery County. He was taken to Kettering Medical Center for treatment. He was released from the hospital after a ten-day stay. He was checked into an assisted living facility by Janet Ward, a friend of Weller and Weller's deceased wife. Weller refused to remain in the assisted living facility and returned home, where Ward arranged for in-home care. It was determined that Weller suffered from aphasia; or the inability to express himself or to understand the words of people speaking to him.

{¶ 4} Thereafter, Ward filed an application for appointment as guardian over Weller's person and estate. Weller hired his own attorneys and proceeded to contest the need for the guardianship. Following protracted litigation and a hearing, the Probate Court determined that Weller was competent as to his person, but found him incompetent as to his estate. The

Probate Court appointed attorney Christopher Cowan as guardian of the estate.

{¶ 5} On November 12, 2010, Weller appealed from the order subjecting him to a guardianship of his estate. Just prior to the August 2, 2011 oral arguments in this appeal, this court became aware that the Probate Court had issued an order Terminating Guardianship on May 31, 2011. Following argument, we permitted the parties to file supplemental briefs on the question of whether the entry terminating the guardianship rendered this appeal moot. Supplemental briefs on the mootness issue have been filed by Weller and the applicant, Janet Ward.

## II

{¶ 6} Before we address Weller's assignments of error, we must first consider the issue of whether the probate court's order terminating the guardianship rendered this appeal moot.

{¶ 7} "The doctrine of mootness is rooted in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791. "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." Id. "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas* (1970),

22 Ohio St.2d 13, 14. In other words, an issue is moot when it has no practical significance, being instead merely hypothetical or academic.

{¶ 8} "Although a case may be moot with respect to one of the litigants, [an appellate] court may hear the appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest." *State ex rel. White v. Kilbane Koch*, 2002-Ohio-4848, ¶ 16, 96 Ohio St. 3d 395, 398, quoting from *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28. Another exception allows for judicial review of moot questions when the issue is capable of repetition, yet evading review. "This exception applies when the challenged action is too short in duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. White v. Kilbane Koch*, ¶ 13, quoting from *State, ex rel. Dispatch Printing Co. v. Louden* (2001), 91 Ohio St.3d 61, 64.

{¶ 9} Weller contends that this case was not rendered moot by the order terminating the guardianship. In support, he contends that the matter should be decided pursuant to the exceptions to the mootness doctrine. Specifically, he argues that "this guardianship is a classic example of a situation that is too short in duration to be fully litigated, but that could recur and again avoid review. The Probate Court is the superior guardian and possesses the authority to reappoint a guardian for Mr. Weller. R.C. 2111.02. Without this Court's review, the Probate Court could again find Mr. Weller or another individual to be incompetent just because he or she is unable to fully articulate speech due to aphasia [and could make the same evidential errors as were made in the original guardianship hearing.]"

{¶ 10} While Weller might, in the future, be the subject of another guardianship proceeding, that proceeding would necessarily be predicated upon new facts; e.g., another stroke or other debilitating event causing him to become incompetent. In other words, the aphasia caused by the prior stroke, from which Weller has presumably sufficiently recovered in order to be deemed competent by the Probate Court, cannot be used as a basis for a new guardianship, unless he suffers a set-back of some kind in the future that would preclude him from managing his own affairs. Furthermore, Weller has had the opportunity to prepare appropriate documents – powers of attorney, trusts, or the like – to avoid the necessity (or, from his point of view, the risk) of another guardianship litigation. Also, were he subjected to another guardianship over his person or estate, we cannot presume that action would be of such limited duration as to preclude full litigation of the matter. Finally, we cannot presume that the identical evidence or procedural and evidentiary issues would arise in a subsequent guardianship proceeding. Therefore, any ruling we might make on the issues raised in this appeal would not necessarily prevent a ruling in a future proceeding that would be adverse to Weller. Thus, we conclude that Weller has failed to demonstrate that this matter falls into this exception to the mootness doctrine.

{¶ 11} Weller also contends that the case is an exception to the mootness doctrine because it involves an issue of "great public interest," in that it concerns the loss of his constitutional right to control his property. He argues that "other individuals in his position, could be subjected to the same type of proceeding and wrongly deprived of their constitutional rights," if we fail to correct the trial court with regard to the proceedings below. The focus of this argument is the claim that the trial court erred in its findings, its evidentiary rulings, as

well as in procedural matters.

{¶ 12} Again, Weller's argument presumes that substantially similar evidentiary and factual issues will arise in proceedings involving other individuals who suffer aphasia caused by stroke. However, given that the evidence in this case indicates that aphasia affects different people differently, and in differing degrees, we conclude that the evidentiary and factual issues arising in a proceeding involving another person suffering from aphasia are not likely to be substantially similar.

{¶ 13} Finally, Weller contends that we should review this appeal because permitting the original guardianship order to stand would have adverse collateral consequences on his businesses and could subject him to paying attorney fees to the law firm that represented Janet Ward in the institution of these proceedings.

{¶ 14} According to the record, Weller is the owner of several real estate businesses that require him to enter into contracts on a regular basis. Weller contends that his "livelihood depends on his reputation as a successful businessman [whose] current clients and prospective clients will continue to question [his] ability to transact business if there is an order in existence that adjudicated him incompetent."

{¶ 15} Whether any of Weller's clients, current or prospective, will ever become aware that Weller was the subject of a guardianship proceeding, and whether any such knowledge would adversely impact his business, which centers on renting properties and providing mortgages to individuals who do not qualify for a "regular" bank mortgage, is speculative, at best. And whether any adverse impact of such knowledge would be ameliorated by the fact that the order instituting the guardianship was later reversed on appeal is even more

speculative. We decline to exercise appellate jurisdiction based on this speculation.

{¶ 16} With regard to the issue of attorney fees sought by the law firm that represented Janet Ward, Weller argues that the claim for fees expended to prosecute the guardianship application is dependent upon the validity of the guardianship order.

{¶ 17} "R.C. 2113.36 vests the probate court with jurisdiction to determine necessary and reasonable attorney fees." *In re Guardianship of Papuska*, Stark App. No. 2004-CA-00150, 2005-Ohio-741, ¶ 28. "Absent a specific demonstration that the actions are beneficial to the estate or ward, a guardian may not be reimbursed from the estate for legal expenses incurred in proceedings relating solely to the determination of whether the guardian may serve in that capacity."[1] *In re Guardianship of Wonderly* (1984), 10 Ohio St.3d 40, 42. Thus, we conclude that our disposition of the underlying merits of this case would not be dispositive of the issue of whether an award of attorney fees is justified in this case, and if so, how much.

{¶ 18} We conclude that this appeal has been rendered moot by the order of the probate court terminating the guardianship. There is no further relief that this court could afford Weller that has not already been afforded him by the probate court.

III

{¶ 19} Weller's appeal is dismissed as moot.

. . . . . . . . . . . . .

---

[1] In this case, the reimbursement would be to a person seeking the institution of a guardianship, but not the guardian, since Janet Ward was never appointed guardian. The award of fees would still require a showing of necessity and a benefit to the estate or ward. That might be difficult in this case.

HALL, J., concurs.

GRADY, P.J., concurring:

{¶ 20} It may be that the Probate Court lacked jurisdiction to terminate Weller's guardianship pursuant to R.C. 2711.47 while Weller's appeal was pending. See *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94. Weller doesn't argue that the Probate Court lacked jurisdiction to do that, no doubt being pleased that the impediment of his guardianship has been removed. However, the termination of Weller's guardianship renders moot the error he assigns with respect to the Probate Court's November 8, 2010 guardianship order because, following that termination, there is no relief we can grant Weller with respect to the error he assigns on appeal. Weller can't have his cake and eat it too.

. . . . . . . . . . . .

Copies mailed to:

Neil F. Freund
Kelly M. Schroeder
Carolyn Mueller
David M. Rickert
Dan R. Warncke
Julia B. Meister
Hon. Alice O. McCollum