[Cite as *State v. Jeffery*, 2012-Ohio-3104.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :          C.A. CASE NO.    24850

v.                               :          T.C. NO.    11CR1661/1
                                                              11CR1661/2

RASHAWN T. JEFFERY, et al.       :

    Defendant                   :          (Criminal appeal from
                                                         Common Pleas Court)

(JESSICA RICHARDSON,             :

    Appellant)                  :

                                    :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the    6th    day of      July     , 2012.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

VICTOR A. HODGE, Atty. Reg. No. 0007298, Assistant Public Defender, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Appellant, Jessica Richardson

. . . . . . . . . .

FROELICH, J.

{¶ 1} Jessica Richardson appeals from a judgment of the Montgomery County Court of Common Pleas, which denied her motion to quash subpoenas. For the following reasons, this appeal will be dismissed as moot.

I. Procedural History

{¶ 2} In May 2011, Rashawn T. Jeffery and Shane L. Hopkins were indicted for rape and kidnapping, each with a firearm specification, and for having a weapon while under disability. In July 2011, two subpoenas were issued for Jessica Richardson, ordering her to appear as a witness at the scheduling conference/pre-trial conference on August 3, 2011, and the trial set for August 15, 2011. The subpoenas were served by personal service on August 1, 2011.

{¶ 3} Richardson failed to appear for the pre-trial conference, and on August 9, 2011, the court issued a material witness warrant at the request of the State. The following day, Richardson was taken into custody; the court ordered her bond set at $250,000. Richardson sought her release through a petition for a writ of habeas corpus, *State ex rel. Richardson v. Plummer*, 2d Dist. Montgomery No. 24769, and she filed a motion for her deposition to be taken, pursuant to Crim.R. 15(A).[1] Richardson was deposed on August 17,

---

[1] Crim.R. 15(A) reads:

If it appears probable that a prospective witness will be unable to attend or will be prevented from attending a trial or hearing, and if it further appears that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court at any time after the filing of an indictment, information, or complaint shall upon motion of the defense attorney or the prosecuting attorney and notice to all the parties, order that his testimony be taken by deposition * * *.

If a witness is committed for failure to give bail or to appear to testify at a trial or hearing, the court on written motion of the witness and notice to the parties, may direct that his deposition be taken.

2011. On August 17, prior to her deposition, she was served with subpoenas from the State, which ordered her to appear at the final pre-trial conference on October 12, 2011, and the trial set to begin on October 24, 2011. Richardson was released from jail following her deposition, and she voluntarily dismissed her petition for a writ of habeas corpus.

{¶ 4} The next day, Richardson moved to quash the subpoenas served on August 17. She argued that there was no statute or rule that permitted her to be subpoenaed to attend a pre-trial conference; she argued that the State's subpoena did not fall within the subpoena power granted by Crim.R. 17 and R.C. 2935.23.[2] She further requested that the trial court order her to be discharged under Crim.R. 15, thereby releasing her from any further obligation to appear.

{¶ 5} Jeffery opposed Richardson's motion, noting that her deposition was taken over his objection and the court had not ruled on his objections. Jeffery argued that Richardson's motion to quash the subpoenas and for discharge was premature. The State also opposed Richardson's motion, stating that she had been "exceptionally difficult to locate and serve with a trial subpoena." The State indicated that Richardson's appearance or non-appearance at the pre-trial conference would be critical to the parties' assessment of the timing of the trial and the legal issues that would be argued by each side. The State

---

After the deposition is completed, the court may discharge the witness.

[2] Crim.R. 17(F) states: "At the request of any party, subpoenas for attendance at a hearing or trial shall be issued by the clerk of the court in which the hearing or trial is held. A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within this state."

R.C. 2935.23, concerning felony investigations, provides that, "[a]fter a felony has been committed, and before any arrest has been made, the prosecuting attorney of the county, or any judge or magistrate, may cause subpoenas to issue, returnable before any court or magistrate, for any person to give information concerning such felony."

further asserted that Richardson's deposition testimony would not necessarily be admissible at trial and thus discharge was inappropriate at that time.

{¶ 6} The trial court overruled Richardson's motion to quash and her request for discharge. The court reasoned:

> Going first to the trial subpoena, Crim. R. 15(F) makes it clear that the use of Ms. Richardson's deposition at trial is contingent upon the State's inability to procure Ms. Richardson's trial attendance. The first step in procuring such attendance is the issuance of a subpoena. Therefore, the subpoena issued to Ms. Richardson to appear at trial will not be quashed.
>
> The next issue concerns the subpoena served upon Ms. Richardson to compel her attendance at the Defendants' Final Pre-Trial Conference. The issue is nuanced because the subpoena was not issued for a traditional reason, compelling a person's attendance at a court proceeding for the presentation of testimony or the production of documents or things. (Crim. R. 17(A), (C)) The subpoena, instead, was issued to test Ms. Richardson's continued cooperation and, thus, the likelihood of her attendance at the scheduled trial. The issue is whether this is a legitimate, authorized purpose for the issuance of a subpoena.
>
> This is not an insignificant matter because if Ms. Richardson fails to appear at the Final Pre-Trial Conference, the State, inevitably, will request the court to issue a material witness warrant to detain Ms. Richardson so that her testimony can be presented at the Defendants' trial. Before a material

witness warrant may be issued, the court, upon the basis of oath or affirmation, must conclude that the party seeking the warrant has established probable cause that the witness is, in fact, material and that the witness' detention is necessary to secure his trial attendance. * * * A witness' failure to honor a subpoena to attend a Final Pre-Trial Conference conducted before the trial Judge is strong support for the contention that the detention of the witness is necessary to secure trail [sic] attendance.

This consideration is sufficient, in this court's mind, to conclude that the subpoena's purpose is legitimate. This leaves the question of whether the issuance of the subpoena is authorized. It is concluded that Crim. R. 17, though, admittedly, the language is not explicit, authorizes the issuance of a subpoena upon a witness to appear at a Final Pre-Trial Conference. A Final Pre-Trial Conference, at least on this court's docket, has two components, an in-chambers – usually off the record – component, and an in court – always on the record – component. The in court on the record component is properly characterized as a hearing before the assigned judge in preparation for the scheduled trial. Crim. R. 17(F) authorizes the clerk of courts, at the request of any party, to issue a subpoena for the attendance of a witness at a "hearing or trail [sic] . . ." It is, accordingly, concluded that Crim. R 17 authorizes the issuance of a subpoena upon a witness to appear at an in court Final Pre-Trial Conference. Since the subpoena issued to Ms. Richardson to attend the Final Pre-Trial Conference is both legitimate and authorized, her

motion to quash the Final Pre-Trial Conference subpoena will not be granted.

{¶ 7}    Richardson appeals from the trial court's ruling.  She claims that the trial court erred in denying her motion to quash the subpoena requiring her to appear at the final pre-trial conference.

## II.   Jurisdictional Issues

{¶ 8}    The State contends that the trial court's decision cannot be reviewed, because the decision does not constitute a final appealable order and the issue is moot.    We will address these issues first, as jurisdiction cannot be waived, nor can it be bestowed on the court.   *Fredricks v. Good Samaritan Hosp.*, 2d Dist. Montgomery No. 22502, 2008-Ohio-3480, ¶ 11, citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997).

{¶ 9}    First, the State claims that the trial court's denial of Richardson's motion to quash was not a final, appealable order.  R.C. 2505.02 defines a final order.  Under that statute, "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: * * * (4) An order that grants or denies a provisional remedy and to which both of the following apply: (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy[, and] (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4).

{¶ 10}    R.C. 2505.02(A)(3) defines a provisional remedy as "a proceeding ancillary

to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence * * *." An ancillary proceeding is "one that is attendant upon or aids another proceeding." *Bishop v. Dresser Industries, Inc.*, 134 Ohio App.3d 321, 324, 730 N.E.2d 1079 (3d Dist.1999).

{¶ 11} We have recognized that the issuance of a subpoena constitutes a provisional remedy. *Fredricks* at ¶ 30. Furthermore, Richardson's challenge to the subpoenas to appear for the pre-trial conference and the trial was denied by the trial court, and she was required to appear for the hearings. The trial court's decision thus adversely determined the action with respect to the motion to quash. Because Richardson was challenging the State's authority to obtain a subpoena requiring her appearance at the pre-trial conference, she had no meaningful remedy by means of appeal after she had appeared and the criminal proceedings subsequently concluded. Accordingly, R.C. 2505.02(B)(4)(a) and (b) are satisfied.

{¶ 12} Citing *Myers v. Myers*, 2d Dist. Montgomery No. 19325, 2002-Ohio-6380, the State argues that Richardson's remedy was more properly an action for a writ of prohibition, and thus Richardson had a remedy other than an appeal from the trial court's decision. In *Myers*, the coroner's office appealed from a ruling in domestic relations court denying its motion to quash a subpoena duces tecum, which required the coroner's office to produce records concerning its investigation of the death of the parties' infant child. The coroner's office argued that the records were statutorily exempt from the subpoena process under the Public Records Act. We dismissed the appeal for lack of a final appealable order, because the coroner's office had objected to the magistrate's decision (by means of a motion

for reconsideration), but the trial court had not yet ruled on the objections.

{¶ 13} After holding that the case must be dismissed, we noted, in dicta, that the record was insufficient to resolve the issues presented, because there had been no evidentiary process in the trial court and the records at issue were not before us. We further commented that an action for a writ of prohibition by the coroner's office "would have several practical advantages over the procedure that was followed here" as the coroner's office claimed that the trial court's issuance of the subpoena was unauthorized by law. *Myers* at ¶ 19-24. We encouraged the coroner's office to consider such an original action.

{¶ 14} To be entitled to a writ of prohibition, the petition must establish (1) that the judge or officer against whom relief is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power was unauthorized by law, and (3) that denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18. "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. In the absence of a patent and unambiguous lack of jurisdiction, "a court possessed of general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *Pfeiffer* at ¶ 18, citing *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2.

{¶ 15} Here, the trial court had subject matter jurisdiction over the criminal action

against Jeffery and Hopkins, and there is no allegation that the trial court or the clerk lacked jurisdiction to issue any subpoenas in this case. It is unclear whether Richardson alleged that the court lacked jurisdiction to issue the subpoena for the final pretrial conference, as opposed to arguing that the issuance of that subpoena was an erroneous exercise of the court's jurisdiction. We render no opinion as to whether a writ of prohibition would have been an appropriate remedy for Richardson or whether the presence of one remedy precludes the use of another. Regardless, we conclude that the trial court's decision denying her motion to quash constitutes a final appealable order under the provisional remedy portion of R.C. 2505.02(B).

{¶ 16} Second, the State claims that this appeal should be dismissed as moot. It notes that Richardson's notice of appeal was filed two days after the October 12 final pre-trial conference/hearing was held, that the defendants have been tried and convicted, and there is no relief that the appellate court can provide to Richardson. (At oral argument, the State represented that Richardson did not appear for the October 12 final pretrial conference, but her appearance was excused because she was being held at the Greene County Jail.)

{¶ 17} We have discussed the mootness doctrine, as follows:

"The doctrine of mootness is rooted in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736. "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot

question." *Id.* "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 257 N.E.2d 371. In other words, an issue is moot when it has no practical significance, being instead merely hypothetical or academic.

*In re Guardianship of Weller*, 2d Dist. Montgomery No. 24337, 2011-Ohio-5816, ¶ 7.

{¶ 18} Richardson contends that this appeal is not moot, because the "misuse of subpoena power is an error capable of repetition while avoiding review."

{¶ 19} Even though a case may be moot, an appellate court may hear the appeal if an exception to the mootness doctrine applies. One exception exists when the issue is capable of repetition yet evading review. The "capable of repetition yet evading review" exception applies only in exceptional circumstances when (1) the challenged action is too short in duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the *same complaining party* will be subject to the same action again. *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, at ¶ 13, quoting from *State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 64, 741 N.E.2d 517 (2001); *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 5 ; *Jagow v. Weinstein*, 2d Dist. Montgomery

No. 24309, 2011-Ohio-2683, ¶ 8.

{¶ 20} Richardson argues that the issuance of a subpoena to a witness when no testimony or evidentiary hearing is anticipated is an event that may reoccur yet evade appellate review. She is therefore asking us to review the prosecutor's procedure of issuing subpoenas for pre-trial conferences.[3]

{¶ 21} Richardson does not claim that she is likely to be subpoenaed again by the State, and it is undisputed that Jeffery and Hopkins have been tried and convicted, and they are currently serving prison sentences. A review of the trial court's docket indicates that both men have appealed their convictions. However, we cannot say, at this juncture, that there is a reasonable expectation that one or both the defendants will have his convictions reversed, thus necessitating a retrial and further testimony on Richardson's part. Until those appeals are reviewed on their merits, we can state no opinion on the outcome of those appeals. In short, we cannot conclude that there is a reasonable expectation that Richardson will be subject to the same exercise of the State's subpoena power. Accordingly, this case does not satisfy the "capable of repetition yet evading review" exception to the mootness doctrine.

### III. Conclusion

{¶ 22} This appeal will be dismissed as moot.

. . . . . . . . . .

FAIN, J. and WILLAMOWSKI, J., concur.

---

[3] This is indeed an important issue, although the facts in this case, as found by the trial court, may support a finding that the subpoena was issued by the clerk for a "hearing" in open court.

(Hon. John R. Willamowski, Third District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

R. Lynn Nothstine
Victor A. Hodge
Hon. Michael L. Tucker