[Cite as *In re Caltrider*, 2013-Ohio-1757.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                          |                                    |
|--------------------------|------------------------------------|
| IN THE MATTER OF:        | JUDGES:                            |
|                          | Hon. William B. Hoffman, P. J.     |
|                          | Hon. Sheila G. Farmer, J.          |
|                          | Hon. John W. Wise, J.              |
|                          |                                    |
| CONNOR JOSEPH CALTRIDER  | Case No. 12 CA 27                  |
|                          |                                    |
| IRREVOCABLE TRUST        | O P I N I O N                      |


CHARACTER OF PROCEEDING:   Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 00067228

JUDGMENT:   Reversed and Remanded

DATE OF JUDGMENT ENTRY:   April 24, 2013


APPEARANCES:

For Appellee                          For Appellant

MICHAEL J. JOHRENDT                   JUDITH E. GALEANO
JOHRENDT, COOK & EBERHART             JAMES S. MOWERY, JR.
250 East Broad Street                 NICHOLAS W. YAEGER
Suite 200                             MOWERY YOUELL & GALEANO
Columbus, Ohio  43215                 425 Metro Place North, Suite 420
                                      Dublin, Ohio  43017

*Wise, J.*

{¶1} Appellant Mowery, Youell & Galeano, Ltd. appeals the May 8, 2012, decision of the Fairfield County Probate Court granting Appellees' Motion to Dismiss all Pending Motions including Appellants' Motion to Set Aside the Agreed Judgment Entry filed April 11, 2011.

{¶2} Appellees in this matter are B. Wayne Caltrider, individually and as Executor of the Estate of Jay A. Caltrider, Patsy Caltrider and Jennifer Caltrider-Adams.

## STATEMENT OF THE FACTS AND CASE

{¶3} This appeal arises out of a will contest action that was filed by Appellant Mowery, Youell & Galeano, Ltd. ("MYG") on behalf of its client at the time, Megan Osterman and her two children, Cora Ann Caltrider and Joseph Caltrider.

{¶4} On May 13, 2009, Decedent Jay Caltrider's Estate was admitted to the Probate Court in Fairfield County. Prior to his death, the Decedent had been engaged to be married to Megan Osterman and the parties had two children together: Cora Ann Caltrider and Connor Joseph Caltrider. At the time of his death, Decedent had been established to be the father of one of the Children but not the other. MYG was hired by Osterman to represent her and her Children to contest the Decedent's will so that the Children and she could inherit from the Decedent's Estate.

{¶5} On August 13, 2009, MYG, on behalf of Osterman and her children, filed a Will Contest in the Fairfield County Probate Court, challenging the administration of the Decedent's Estate.(Case Nos. 00065860-A, 00065860-B, and 00065860-C).

{¶6} MYG's legal services were provided to Osterman and the children pursuant to an hourly fee agreement.

{¶7}   In March, 2010, after approximately eight months of representation, Osterman and the children retained the law firms of Brunner and Quinn and Kettlewell and Donchatz, LLC (now defunct). Brunner entered an appearance substituting as counsel for MYG.

{¶8}   Ultimately, the parties reached a settlement in the will contest action which resulted in an Agreed Judgment Entry being filed on April 11, 2011.

{¶9}   On April 27, 2011, Osterman, through Brunner, filed a new action with Fairfield County Probate Court (Case Nos. 00067228 and 00067229), known collectively as the "Trust Case."  Osterman then filed a motion with the Fairfield County Probate Court in the Trust Case requesting the probate court: (a) reduce the amount of attorney fees incurred by Osterman and the Children resulting from MYG's representation of the Children in the Will Contest; and, (b) order that such fees be paid from the Children's Trusts.

{¶10} Upon learning of the filing of the Trust case and the motions filed therein, MYG moved to intervene in the Trust Case and be made a party. MYG was permitted to intervene and made a party to the action.

{¶11} MYG also moved to intervene as a necessary party in the Will Contest Case and filed a 60(B) motion to set aside the Agreed Judgment Entry filed April 11, 2011, in order to protect its interests.

{¶12} On July 15, 2011, the Defendants in the underlying estate litigation, B. Wayne Caltrider, Patsy Caltrider and Jennifer Caltrider-Adams filed a "Motion to Dismiss and/or Memorandum in Opposition to All Pending Motions Concerning Attorney Fees." The motion was joined by the Estate.

{¶13} In their motion, the Caltrider Defendants asserted that the probate court lacked jurisdiction over a fee dispute between attorneys and that such dispute should be referred to the bar association. The Caltrider Defendants further asserted that the probate court had not retained jurisdiction over the issue of attorney fees when it approved the Agreed Judgment Entry on April 11, 2011, and that it was not appropriate for a probate court to entertain what had now essentially become a dispute between private parties over the division of legal fees.

{¶14} In its Entry filed on May 8, 2012, the Fairfield County Probate Court granted the Caltrider Defendants' Motion to Dismiss all Pending Motions

{¶15} Appellant now appeals, assigning the following assignments of error.

## ASSIGNMENTS OF ERROR

{¶16} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FINDING IT LACKED JURISDICTION TO GRANT MOWERY YOUELL & GALEANO, LTD.'S MOTION TO SET ASIDE THE AGREED JUDGMENT ENTRY JOURNALIZED WITH THIS COURT ON APRIL 11, 2011 AS THE COURT DID HAVE JURISDICTION OVER ALL ISSUES SURROUNDING FEES.

{¶17} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO GRANT MYG'S MOTION TO SET ASIDE THE APRIL 11, 2011 SETTLEMENT AGREEMENT AS MOWERY YOUELL & GALEANO, LTD. ESTABLISHED EACH REQUIRED ELEMENT UNDER OHIO LAW OR IN THE ALTERNATIVE TO AT LEAST CONDUCT AN EVIDENTIARY HEARING ON THE CIVIL RULE 60(B) MOTION."

**I.**

**{¶18}** In its First Assignment of Error, Appellant argues that the trial court erred in finding that it lacked jurisdiction to consider Appellant's motion to set aside the settlement entry in this matter. We agree.

**{¶19}** R.C. §2113.36 vests the probate court with exclusive jurisdiction to determine reasonable attorney fees. *In re Guardianship of Papuska,* Stark App. No. 2004-CA-0150, 2005-Ohio-741. *In re Estate of Secoy,* 19 Ohio App.3d 269, 274 (2d Dist.1984). *In re Estate of Cercone,* 18 Ohio App.2d 26, 246 N.E.2d 578 (7th Dist.1969).

**{¶20}** Pursuant to R.C. §2113.36:

**{¶21}** "If an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees * * *."

**{¶22}** "[R]easonable attorney fees shall be based upon the actual services performed by the attorneys and upon the reasonable value of those services." *In re Estate of Verbeck,* 173 Ohio St. 557, 558, 184 N.E.2d 384 (1962). "In all cases, the probate court must look at all the evidence to determine the reasonable value of an attorney['s] services." *In re Estate of York,* 133 Ohio App.3d 234, 243, (12th Dist.1999).

**{¶23}** " 'It is well established that the payment of reasonable attorneys fees rests within the probate court's sound discretion.' " *In re Estate of Keytack,* 2008–T–0039, 2008–Ohio–6563, at ¶ 28, citing *In re Estate of Fugate* (1993), 86 Ohio App.3d 293, 298, 620 N.E.2d 966.

**{¶24}** "The extent of a probate court's discretion includes the ability to, *sua sponte,* vacate an erroneous order fixing attorney's fees for services rendered for an estate and file a new judgment entry for a lesser amount which the court finds to be the reasonable value of the services rendered for the benefit of the estate." *In re Estate of Clark,* 11th Dist. No. 97–G–2060, (Dec. 19, 1997).

**{¶25}** A probate court's determination of reasonable fees is a question of fact and will not be reversed by a reviewing court unless manifestly against the weight of the evidence. *Kern v. Heilker & Heilker,* 56 Ohio App. 371, (1st Dist.1937).

**{¶26}** In the case before this Court, the probate court, in the April 11, 2011, Agreed Judgment Entry, stated:

**{¶27}** "The Court further finds that the attorney for both sides provided significant legal services beneficial to the entire Estate, including the procurement of voluminous financial and medical records, the filing and answering of Interrogatories, the assembly and submission of documents in response to Requests for Production of Documents, the presentation of numerous substantive legal issues for determination by the Court, the taking of deposition of witnesses on each side of the dispute and the engagement of expert witnesses expressing conflicting opinions on the issues in this case.

**{¶28}** "As a result of this effort, a resolution was achieved which more likely reflects the intent of the Decedent and the operation of law.

**{¶29}** "The Court finds that the settlement results in a more equitable distribution of the Decedent's assets and that said litigation was essential to the proper administration and distribution of Decedent's Estate."

**{¶30}** The court then ordered:

**{¶31}** "6. The Court holds that the attorneys' fees arising from both Defendants' counsel on the one hand, and Brunner Quinn and Kettlewell & Donchatz LLC (hereinafter, "Plaintiffs' Counsel") on the other, were actually and necessarily incurred for the benefit of and were essential to the proper administration and settlement of Decedent's Estate. In that the attorneys' fees incurred by Defendants' and Plaintiffs' Counsel were both reasonable in amount and necessary in determining the property distribution of the property of the Estate among the beneficial interests of the entire Estate, the Court finds it both equitable and proper that they be, and are, allowable as a cost of administration, and it is ordered that the Decedents' Estate shall pay Plaintiffs' Counsel for Connor J. Caltrider the sum of $168,241.00 as and for their attorneys' fees and expenses of litigation from the Estate; it is ordered that the Decedent's Estate shall pay Plaintiffs' Counsel for Cora Ann Caltrider the sum of $168,241.00 as and for their attorneys' fees and expenses of litigation from the Estate; it is ordered that the Decedent's Estate shall pay Plaintiffs' Counsel for Megan A. Osterman $83,335 when Osterman has complied with the Settlement Agreement, and specifically Section Three, Paragraph 13, as and for their attorneys' fees and expenses of litigation from the Estate; it is ordered that the Decedent's Estate shall pay Defendants' counsel for Patsy Caltrider, Jennifer Caltrider, Kerry Adams, Kaitlin Adams, Jordyn Adams and Morgan Adams the sum of $64,827.80 as and for their attorneys' fees and expenses of litigation from the Estate."

**{¶32}** After receiving MYG's motion to set aside the above Agreed Judgment Entry, in its May 8, 2012, Entry, the trial court stated that it "lacks subject matter jurisdiction over the pending motions." The court further stated that the "pending

motions all relate to a dispute over attorney fees between current and former counsel" for the parties. The court finally stated it "approved a settlement …and did not retain jurisdiction over attorney fees."

**{¶33}** Appellee argues that the issue as to attorney fees is tantamount to a fee-sharing agreement or fee dispute between the two law firms and as such should be determined before the Bar Association pursuant to DR 2-107. *See In Re Estate of Southard*, 10th Dist. App. 10AP-409, 2011-Ohio-836.

**{¶34}** Upon review, we find that no fee sharing agreement existed between the parties. MYG provided legal services to Osterman and her children prior to Brunner's representation. Brunner continually provided reassurance to MYG that it would protect their fees. Nowhere is there a record that Brunner agreed to pay MYG out of its fees or that MYG expected to be paid out of Brunner's fees.

**{¶35}** Instead, this Court finds that the issue and determination of MYG's fees was not presented to the probate court, whether such was a mistake, inadvertence or otherwise, we cannot say. However, we can say that the probate court herein has the authority to determine the attorney fees for the services provided by MYG in this case. Further, the probate court certainly has the authority to consider and rule upon Appellant's Motion to Set Aside the Agreed Judgment Entry in this case and to vacate an erroneous order if necessary.

**{¶36}** Appellant's First Assignment of Error is sustained.

## II.

**{¶37}** In their Second Assignment of Error, Appellants argue that the trial court erred in not granting its Civ.R. 60(B) Motion for Relief from Judgment.

**{¶38}** Based on our disposition of Appellant's First Assignment of Error, and our remand to the trial court, we find this assignment of error to be premature as the trial court has not yet considered and/or ruled upon Appellant's Civ.R. 60(B) motion to set aside the settlement entry in this matter.

**{¶39}** Appellants' Second Assignment of Error is overruled.

**{¶40}** For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Fairfield County, Ohio, is reversed and this matter is remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0409

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                 :

                                            :

CONNOR JOSEPH CALTRIDER    :        JUDGMENT ENTRY

                                            :

IRREVOCABLE TRUST            :        Case No. 12 CA 27


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, Fairfield County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to Appellee.


_____


_____


_____

JUDGES